[Crim. No. 1221. Second Appellate District, Division One.—September 21, 1925.]

## THE PEOPLE, Respondent, v. MORRIS LABORWITS, Appellant.

[1] CRIMINAL LAW—REFUSAL OF PROBATION—APPEAL.—The refusal of the trial court, after plea of .guilty to the charge of forgery, to allow the defendant the privilege of filing an application for probation is not reviewable on appeal.

(1) 16 C. J., p. 1289, n. 43 New; 17 C. J., p. 254, n. 39.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CURTIS, J.—The indictment against appellant contained six counts, each charging him with the crime of forgery. [1] Appellant plead guilty to the charge contained in count one, and the other five counts were ordered off the calendar. Thereupon, and before judgment, appellant asked leave to file an application for probation, which was denied by the court.

The only point made by appellant on this appeal is that there was an abuse of the trial court's discretion in refus-

ing to allow the defendant the privilege of filing an application for probation. A similar question was before the appellate court in the case of *People* v. *Dunlop,* 27 Cal. App. 460 [150 Pac. 389], wherein the court held that the action of the trial court in refusing to hear such an application was not reviewable on appeal. The court, on page 470 of its opinion declared the law as follows: "The action of the court in refusing to entertain an application by the defendant for probation after his conviction or of taking testimony or the report of the probation officer of the court with a view to admitting the accused to probation cannot be reviewed. The matter of admitting a person convicted of crime to probation rests entirely in the discretion of the trial court, as does likewise the question whether any proceedings shall be entertained by the court to that end. (Pen. Code, sec. 1203.)"

We are in accord with the appellate court in its construction of section 1203 of the Penal Code, and, upon the authority of this case, the judgment is affirmed.

Conrey, P. J., concurred.