[Crim. No. 15. Fourth Appellate District.—June 20, 1930.]

THE PEOPLE, Respondent, v. STUART PAYNE, Appellant.

Edgar B. Hervey and Edward J. Kelly for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was charged with the crime of forgery alleged to have been committed in San Diego County on August 16, 1929. He entered pleas of not guilty and not

guilty by reason of insanity. His trial was set for October 17, 1929. Before the trial commenced he withdrew both pleas and entered a plea of guilty and made application for probation. The hearing of this application was had on November 8, 1929. At this hearing it appeared that appellant, in 1925, had been charged with driving a vehicle upon a public highway of the state of California while under the influence of intoxicating liquor. He had entered a plea of guilty to the charge and had been granted probation for the term of two years. At the hearing on November 8, 1929, the question was raised by the district attorney as to the power of the court to grant probation should he so desire under these circumstances. The court had before it the report of the probation officer of San Diego County, which was very full and complete. On the bottom of this report the following appears: ''The foregoing report has been considered on the defendant's application for probation. S. M. Marsh, Judge of the Superior Court.'' At the conclusion of the hearing the court denied the application for probation and stated that in doing so he had considered both the merits of the application itself upon the evidence before him and the legal question involved in appellant's prior conviction. The court thereupon sentenced the defendant to imprisonment in the state's prison at Folsom for the term prescribed by law. No notice of appeal was given by appellant, either in open court or in writing, within two days after the pronouncement of judgment.

On November 12, 1929, appellant was again in court with his attorney, who stated that appellant had appeared in another department of the Superior Court of San Diego County and that this judge, who had granted him probation, had permitted him to withdraw his former plea of guilty and to interpose a plea of not guilty to the charge of driving while intoxicated, and that thereafter this case against him had been dismissed upon the ground that he had fulfilled the terms of his probation. Thereupon counsel for appellant asked the court below for ''leave to make an application for probation for the defendant, Stuart Payne, upon the same grounds heretofore urged, except that that obstacle to granting that probation had been removed.'' After considerable argument the court announced that he

would have to take into consideration the matters set forth in the report of the probation officer, already referred to, and denied the application for probation upon the same grounds upon which he placed his former denial.

Thereupon, appellant for the first time gave oral notice of appeal from the former judgment of the court, and from the order denying probation. On the same day appellant filed a notice of appeal "from the judgment in the above entitled action and from the order of the court denying the defendant a hearing on his motion for probation." The attorney-general has moved this court to dismiss these appeals.

The appeal from the judgment was not taken until four days after the pronouncement of judgment. That it was too late to be of any effect is admitted by appellant. This appeal, therefore, must be dismissed. (Secs. 1239, 1248, Pen. Code; *People* v. *Walker*, 132 Cal. 137 [64 Pac. 133].)

The motion to dismiss the appeal from the order of the trial court denying the defendant a hearing on his motion for probation presents more difficulties. In the case of *Lloyd* v. *Superior Court*, 208 Cal. 622 [283 Pac. 931], it was held, under the provisions of section 1203 of the Penal Code as amended in 1927, that an application for probation might be filed, heard and determined "at any time prior to the execution of sentence" . . . Prior to this amendment of the Penal Code, it has been held in many cases that an order denying an application for probation was not an appealable order. (*People* v. *Dunlop,* 27 Cal. App. 460 [150 Pac. 389]; *People* v. *Laborwits,* 74 Cal. App. 401 [240 Pac. 802].) The rule now is, that an order denying probation made before judgment is not appealable because it may be reviewed on the appeal from the judgment. (*People* v. *Freithofer,* 103 Cal. App. 165 [284 Pac. 484]; *People* v. *Lovelace,* 97 Cal. App. 228 [275 Pac. 489].)

Under this amendment of 1927, it is now held that it is a right of a defendant to apply to the court for leave to file an application for probation. The granting or refusing to allow the defendant to make such an application, together with the granting or refusing of probation, is a matter within the sound discretion of the court. However, if in refusing to permit the defendant to

make an application for probation, the court abuses this discretion, such refusal· is subject to correction by writ of mandate, if the application for probation is made after judgment. (*Lloyd* v. *Superior Court, supra.*) The law now seems to be, that the only right of the defendant in the matter of probation is to have the trial court exercise its judicial discretion in a lawful and legal manner in ruling upon the request to file the application, or in granting or refusing probation. ▆ Probation itself, is not now, nor has it ever been, considered a right of a defendant. It has been defined as an act of grace and clemency granted to a deserving defendant whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted. (*People* v. *Sapienzo,* 60 Cal. App. 626 [213 Pac. 274]; *Svoboda* v. *Purkitt,* 75 Cal. App. 148 [242 Pac. 81]; *In re Nachnaber,* 89 Cal. App. 530 [265 Pac. 392].)

Section 1237 of the Penal Code provides that an appeal may be taken by a defendant "from any order made after judgment affecting the substantial rights of the party." As we have seen probation is not a right of the defendant. In this case the court permitted appellant to make his application for probation. In this particular the discretion of the trial court was exercised in favor of appellant at the time of making the motion to file the first application for probation. On the eighth day of November, 1929, the court had before it the report of the probation officer showing, among other things, that appellant had been arrested thirteen times prior to this arrest in the case before us. The crimes for which he had been arrested and convicted ranged in degree from that of common drunk to misdemeanor embezzlement. This report alone furnishes sufficient grounds for the trial court's denying appellant's application for probation, and its exercise of a sound judicial discretion in so doing. If appellant were dissatisfied with this order of the trial court, he might have had the same reviewed by taking an appeal from the · judgment within the time allowed by law. This he did not do.

Section 1203 of the Penal Code gives a defendant the right to apply to the court for leave to file an application for probation. The right is not given to file a number of such applications, especially where no new facts were to

be presented to the trial court. Appellant insists that on November 12, 1929, a change in his status had occurred in that the charge against him, of driving a vehicle upon the public highway while under the influence of intoxicating liquor, had been dismissed. While the dismissal of this case did change the facts before the trial court in this respect, it did not change the legal status of the appellant. In 1927 subdivision 4 of section 1203 of the Penal Code was amended by the addition thereto of the following:

"Provided, that in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."

 With this amendment in effect, the dismissal of the former case in which appellant had entered a plea of guilty, had no legal effect upon his standing before the court on his application for probation. (*People* v. *Rosencrantz*, 95 Cal. App. 92 [272 Pac. 786].)

We believe that the decision in the case of *People* v. *Brattingham*, 91 Cal. App. 527 [267 Pac. 120, 121], is decisive of the question here presented. In the Brattingham case the defendant moved the trial court for a modification of a judgment before made and entered, and upon denial of his motion, appealed. The People moved to dismiss the appeal, and in granting this motion the court said:

"Appellant contends that an appeal is authorized by sub division 3 of section 1237 of the Penal Code, which provides that an appeal may be taken from an order after judgment affecting the substantial rights of the defendant. It is also said that the court has inherent power at any time to vacate a void judgment. Generally this is true, but the rule is well established that an order made after judgment is not appealable where the motion merely asks the court to repeat or overrule the former ruling on the same facts. As said in *De La Montanya* v. *De La Montanya,* 112 Cal. 101 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345], this is so because to permit such an appeal 'would be virtually allowing two appeals from the same ruling, and would in some cases have the effect of extending the time for appealing, contrary to the intent of the statute.' To the same effect are *Kent* v. *Williams,* 146 Cal. 3 [79 Pac.

527]; *Alpers* v. *Bliss,* 145 Cal. 565 [79 Pac. 171] and other cases.

"A number of decisions cited by appellant hold that the trial court has jurisdiction to vacate or modify a void judgment, but they do not mention the question here presented, namely, will an appellate court entertain an appeal from an order made after judgment where the appeal from the judgment would present precisely the same question, and in every way afford protection to the rights of the defendant? The authorities sustain the contention of the People upon this issue.

"Applying the rule to the record before us, it is apparent that upon an appeal from the judgment alone the judgment-roll would contain everything necessary to a determination of the contention of the appellant, and to consider the appeal from the order refusing to modify the judgment would have the effect of allowing the right to two appeals."

In the case before us, it appears that the second application for probation attempted to be made by appellant on the twelfth day of November, 1929, presented the same issues which the court had already considered and acted upon four days previously. To hold in this case that the court must consider successive applications for probation would give to the appellant the right to successive appeals, assuming, but not holding, that an appeal would lie from an order denying probation made after judgment. The matter became *res judicata* by the first order denying probation and there was nothing for the court to consider upon the second application made by appellant. (*People* v. *Prudencio,* 93 Cal. App. 241 [269 Pac. 698]; *People* v. *Martin,* 199 Cal. 240 [248 Pac. 908]; *People* v. *Walker,* 142 Cal. 90 [75 Pac. 658]; *People* v. *Ingersoll,* 21 Cal. App. 763 [132 Pac. 1052].)

Both appeals are dismissed.

Cary, P. J., and Barnard, J., concurred.