[Crim. No. 3663. In Bank.—December 18, 1933.]

THE PEOPLE, Respondent, v. LESTER HAINLINE, Appellant.

W. C. Dalzell for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General for Respondent.

SEAWELL, J.—On March 28, 1927, appellant, upon his plea of guilty, was convicted of the crime of burglary, and was granted probation. Having served the term of his probation he was permitted to withdraw his plea of guilty and enter a plea of not guilty on April 20, 1928, and the court thereupon dismissed the information pursuant to the provisions of section 1203, Penal Code.

On September 17, 1932, the appellant and one Don Guzman were jointly charged in two counts of the information filed against them with the commission of two distinct burglaries, the first being committed on or about July 23, 1932, and the second on or about August 26, 1932. Upon arraignment, upon the request of defendant Guzman, his time to plead was continued to September 23, 1932. Appellant Hainline waived time to plead, and forthwith entered a plea of not guilty. The trial of the charges against him was set for October 5, 1932. On that day the district attorney's motion to amend the information as to Hainline by incorporating in it a prior conviction of burglary against him pronounced on March 28, 1927, was granted. In all other respects the two informations were substantially alike. Said prior conviction of burglary was the same offense for which appellant had been granted probation on March 28, 1927, upon his plea of guilty as above described. Appellant was arraigned on the amended indictment, plead not guilty to both counts and denied that he had suffered the previous conviction. He went to trial and the jury found against him as to both counts, and also against his denial that he had suffered a previous conviction. Judgment upon the verdicts followed.

■ There is no merit whatever in the assignment of error to the effect that the evidence taken at the preliminary examination does not support the allegations of the information.

■ The next point raised by appellant has to do with the construction of the Probation Act. Probation is not,

of itself, a right of a defendant. The act does not purport to repeal any provision of substantive criminal law. Probation is defined as an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted. (*People* v. *Payne*, 106 Cal. App. 609 [289 Pac. 909], and cases therein cited.) No person is entitled to be placed on probation as a matter of right. It is a power which may be exercised in the discretion of the court to the end, as expressed in the act itself, "that amends may be made to society for the breach of the law; for any injury done to any person resulting from such breach, and generally and specifically for the reformation and rehabilitation of the probationer; . . . " Where any one of the foregoing purposes of the law has failed there is no just or logical reason why a probationer who has deliberately refused to accept the advantages with which the rehabilitating provisions of the law clothe him, and has returned to a life of crime, should be heard to invoke the benefits of a grace which saved him from the stigma of felony and which was conferred upon him in consideration of a pledge of future honest conduct and good citizenship. As a matter of comparative justice it would be giving to such a person an advantage above others who had never had the grace of probation extended to them upon conviction of their first offense.

If, prior to the 1927 amendment, any doubt existed in the minds of lawyers, judges and laymen as to the status of those who committed a second felony, such doubt was removed by said amendment, which strips them of all the privileges and rights which were restored to them by the provisions of the original act upon the completion of their probationary term.

Section 1203, subdivision 4, provides: "Every defendant who has fulfilled the conditions of his probation for the *entire period* thereof . . . shall . . . be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusation or information against such defendant, who shall thereafter

be released from all penalties and disabilities *resulting from the offense or crime of which he has been convicted* . . . The probationer may make such application and change of plea in person or by attorney authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." (Italics supplied.)

The concluding portion of the act, which provides that if the probationer commits a second offense he shall forfeit all the rights with which he was clothed at the time the court ordered the information dismissed, constitutes the amendment of 1927. Said amendment became effective July 29, 1927. The order of dismissal in the probation proceeding was not made until April 20, 1928. Appellant was not entitled to have the order made at an earlier day, as his time for probation did not expire prior to April 20, 1928, and it was at all times subject to revocation at the discretion of the court. Some nine months before the day arrived on which he hoped to immune himself against the consequences of his criminal act, the legislature amended the act as above pointed out. Said 1927 amendment did not abridge or affect in any way appellant's rights under the law as it stood from the time of the commission of his crime to and including judgment entered thereon. He was granted all the benefits which the law could at any time have conferred upon him. Conceding his term of probation had actually been completed before the amendment went into effect, we know of no legal grounds upon which he could rest his claim of exemption from the penalties of the law as to future crimes committed by him. The probationary law was not enacted with a purpose of immunizing the criminally inclined from the consequences of the penalties which substantive penal statutes mete out to habitual criminals generally. Said amendment simply and justly provides that persons who have refused to profit by the grace extended to them upon the first offense shall, upon conviction of a subsequent felony, suffer the penalty of the law as prescribed for the punishment of all other offenders. The amendment is not *ex post facto* and violates no constitutional provisions of the federal or state govern-

ment, and is in harmony with our statutes. It provides clearly for the punishment of future crimes.

The early case of *Ex parte Gutierrez*, 45 Cal. 429, the leading authority on the point herein presented, quotes with approval the following excerpt from Coole on Constitutional Limitations, which is decisive of this case:

"And a law is not objectionable as *ex post facto* which, in providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into the account, and the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offense than for the first, and it has not been deemed objectionable that in providing for such heavier penalties the prior conviction authorized to be taken into account may have taken place before the law was passed. In such cases it is the second or subsequent offense that is punished, not the first." (See, also, *People* v. *Rosencrantz,* 95 Cal. App. 92 [272 Pac. 786].)

No other question is presented for decision. Judgment affirmed.

Shenk, J., Curtis, J., Preston, J., Langdon, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.