[Crim. No. 164.   Fourth Appellate District.—June 21, 1934.]

THE PEOPLE, Respondent, v. FAIN ROACH, Appellant.

J. M. Lopes for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, and Clarence H. Wilson, District Attorney, for Respondent.

BARNARD, P. J.—After a trial before a jury, the defendant was found guilty of the crime of assault with intent to commit rape and has appealed from the judgment and from an order denying a motion for a new trial. It would serve no useful purpose to set forth here the facts which were developed on the trial of the case. No claim is made that the evidence is insufficient to support the verdict and it may be observed that the story told by the prosecuting witness on the stand is not only convincing, but the same is corroborated by other evidence to an extent which is unusual in cases of this nature.

The first point raised is that the court erred in permitting certain questions to be asked of the appellant upon cross-examination. On his direct examination the appellant had testified in considerable detail as to what had occurred on a certain occasion some time prior to the time when the offense in question is alleged to have been committed. The cross-examination, which is here objected to,

not only related to the incident about which he had testified, but was particularly directed to what had actually occurred on that occasion. It had an immediate and material connection with the appellant's testimony on direct examination. Not only was it proper to bring out the entire transaction, concerning a part of which the appellant had testified, but the questions asked directly concerned an implication which the appellant plainly desired to have drawn from the partial statements made in his testimony in chief. The cross-examination complained of was entirely proper (*People* v. *Teshara,* 141 Cal. 633 [75 Pac. 338]).

■ A second contention is that the district attorney was guilty of prejudicial misconduct in asking certain other questions of the appellant upon cross-examination. After being asked if he remembered that the district attorney had asked him a number of questions while he was in jail the appellant was asked several questions relating to whether certain things had not been asked of him on that occasion and whether his reply had not been, in each instance, that he had nothing to say. The court sustained an objection to each of these questions and refused a request made by the district attorney to give him a few minutes in which to produce authorities to the effect that the evidence was admissible. It is now contended that the district attorney did not ask these questions in good faith and that, in asking the same, he was guilty of prejudicial misconduct. It clearly appears that the district attorney asked these questions in good faith and in the belief that they were proper. If it be assumed that the questions called for evidence which was inadmissible, the court sustained objections thereto, and there is neither a showing of misconduct nor of prejudice sufficient to justify a reversal.

■ It is next urged that the court abused its discretion in not discharging the jury for failure to agree upon a verdict. It does not appear at what hour the case was submitted to the jury, but it does appear that on the day this was done the jury was taken out to dinner and thereafter was brought into court at 8:37 P. M. and again at 11:33 P. M. At the time last mentioned the court questioned each member of the jury with respect to his belief as to whether or not it was possible for the jury to agree upon a verdict. Five of the jurors stated that they did

not believe it was possible to arrive at a verdict, five others stated that they believed a verdict was possible, while the other two expressed doubt as to a final agreement. Thereupon, the court ordered the jury to retire for the night and a verdict was returned the next morning at 9:02 A. M. Nothing here appears in any way indicating any abuse of discretion on the part of the trial court in connection with this matter (*People* v. *Cage*, 48 Cal. 323 [17 Am. Rep. 436]; *People* v. *Lee*, 34 Cal. App. 702 [168 Pac. 694]; *People* v. *Selby*, 76 Cal. App. 715 [245 Pac. 792]; *People* v. *Phillips*, 120 Cal. App. 644 [8 Pac. (2d) 228]).

█ The only other point raised is that the court abused its discretion in not granting probation to the appellant. On application of the appellant the court referred the matter to the probation officer and fixed a time for hearing. When the matter came on for hearing it appears that the court considered the written report of the probation officer and also heard oral testimony in appellant's behalf. It not only appears that the application for probation was fully considered, but nothing in the record indicates any abuse of the discretion vested in the trial court. The only right of a defendant is to have his application for probation considered by the court and we have not yet come to the point where a defendant may demand such clemency as a matter of right (*People* v. *Payne*, 106 Cal. App. 609 [289 Pac. 909]).

The judgment and order appealed from are affirmed.

Marks, J., concurred.

Jennings, J., being absent, did not participate in this opinion.