[Crim. No. 196. Fourth Appellate District.—September 29, 1936.]

THE PEOPLE, Respondent, v. HARLEY BLANKENSHIP, Appellant.

J. M. Lopez for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

JENNINGS, J.—Defendant was charged with the crime of statutory rape of which, upon arraignment, he entered a plea of guilty and made application for probation. The court appointed a date for hearing the application and referred the same to the probation officer for his report. On the appointed date the probation officer's report was submitted and evidence was presented which related to the circumstances surrounding the commission of the offense and the past history of the defendant. Among the facts which were exposed during this examination it appeared that the defendant was then almost 23 years of age and the female upon whom the crime was perpetrated was 13. It also appeared that medical examination of the parties showed that both were afflicted with syphilis. There was, however, no positive evidence which showed that the defendant had communicated the disease to the girl. Upon

the conclusion of the hearing the court indicated that it was disposed to grant defendant's application upon conditions which the court characterized as "rather stringent". Judgment was thereupon pronounced whereby the defendant was sentenced to confinement in San Quentin prison. Execution of the judgment was suspended for a period of five years upon certain conditions, only one of which is material on this appeal. This condition was that within ten days from the date of the order suspending execution of the sentence the defendant should submit to an operation for sterilization. Thereafter and on the eleventh day succeeding the date of the aforesaid order the defendant, through his counsel, presented to the court a motion to modify the order by striking therefrom the above-mentioned condition. Upon the hearing of this motion evidence was produced which tended to show that the disease of syphilis is curable and that defendant was willing and financially able to secure medical treatment for elimination of the disease from his system. The court took the motion under advisement for a period of two days, at which time it denied the motion and revoked its former order suspending execution of sentence on the ground that defendant had failed to comply with the conditions upon which the order was made within the time specified in the order. Defendant thereupon appealed from the order denying his motion for modification and from the order revoking the prior order of suspension.

It will here be assumed that the orders are appealable and that appellant gave notice of appeal in the manner and within the time specified in the code.

Two contentions are advanced by appellant on this appeal. The first is that neither appellant nor his counsel was present in court at the time the order of revocation was made. It is urged that, since the offense charged is a felony, appellant was entitled to be present at every stage of the proceedings. Reliance is had ' upon section 1043 of the Penal Code which provides that if a defendant is prosecuted for a felony he must be personally present at the trial. To this contention there are two answers either of which is sufficient to demonstrate its lack of merit. First, the record fails to show affirmatively that appellant was not present in court when the order of revocation was

made. Second, section 1043 of the Penal Code requiring a defendant's presence during a trial in which he is being prosecuted for the commission of a felony is not applicable to the situation here presented. A hearing for revocation of probation is not a trial and the established rules for the conduct of trials are not applicable thereto. (*People* v. *Fields,* 131 Cal. App. 56 [20 Pac. (2d) 988].)

The second and chief contention advanced is that the condition requiring appellant to submit to an operation of vasectomy was an unreasonable condition to be imposed as a prerequisite for probation. It is frankly conceded that there is no precedent which may serve as a guide in the determination of this problem. Some fundamental principles relating to the matter of probation will, however, materially assist in its correct solution.

 It must, in the first place, be conceded that the granting or withholding of probation is a matter that rests entirely in the sound discretion of the trial court. (Sec. 1203, Pen. Code; *People* v. *Judson,* 128 Cal. App. 768, 774 [18 Pac. (2d) 379].) In the second place, probation is not a right which is given to a defendant in a criminal proceeding who has either pleaded guilty to the commission of an offense or has been duly convicted thereof. "It is an act of grace and clemency granted to a deserving defendant whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted." (*People* v. *Hainline,* 219 Cal. 532, 534 [28 Pac. (2d) 16]; *People* v. *Payne,* 106 Cal. App. 609, 613 [289 Pac. 909].) The only right which an applicant for probation possesses is that his petition shall receive consideration by the court. He may not demand clemency as a matter of right. (*People* v. *Roach,* 139 Cal. App. 384, 387 [33 Pac. (2d) 895].)

 We may now proceed to a consideration of appellant's contention of unreasonableness in the light of the peculiar circumstances which appear in this case. We have here a man 23 years of age who has pleaded guilty to the crime of statutory rape accomplished with a female approximately ten years his junior. We further have both of these parties afflicted with a communicable venereal disease. Under these circumstances we are unable to conclude that the condition which was imposed by the trial

court and which now claims our attention was an unreasonable or improper condition. The state is vitally interested in the health and welfare of its citizens. It is certainly interested in preventing contamination of them by venereal disease. It may be conceded that intelligent medical science has succeeded in producing a cure for syphilis which is efficacious in the great majority of cases. However, as the trial court very properly observed, it was not so much concerned with curing the disease with which appellant was afflicted as it was with preventing appellant from transmitting the disease to his possible posterity. If reproduction is desirable to the end that the race shall continue it is equally desirable that the race shall be a healthy race and not one whose members are afflicted by a loathsome and debilitating disease.

In conclusion, it may be remarked that appellant was not compelled by the condition which the court imposed to submit to an operation whose effect would be to foreclose him from procreation. He was permitted to elect whether he would comply with the condition and receive the clemency which he asked or decline to submit to the operation and accept the penalty which the law provides as punishment for his offense. It is our conclusion that under the circumstances here presented the condition was neither unreasonable nor improper and that the trial court committed no abuse of discretion in imposing it.

The orders from which this appeal has been taken are therefore affirmed.

Barnard, P. J., and Marks, J., concurred.