[Crim. No. 597.   Fourth Dist.   Dec. 15, 1948.]

THE PEOPLE, Respondent, v. WALTER JACKSON, Appellant.

J. M. Lopes for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant appeals from a judgment of conviction of grand theft on a plea of guilty, and from the order denying probation.

Defendant was charged by information with the crime of grand theft, a felony, that on May 24, 1948, he unlawfully took the property of one Art Morgan, consisting of $3,000. The defendant entered a plea of guilty to the charge and made application for probation. The matter was referred to the probation officer and at the time of the hearing on the application the defendant and his counsel were present in court during the taking of testimony of witnesses in support of the defendant's request for probation. The probation officer recommended that probation be denied. The court followed the recommendation, denied probation, pronounced judgment, and sentenced the defendant to the state prison.

The sole contention of defendant on this appeal is that the trial court abused its discretion in denying probation.

There is no appeal from an order denying probation. (*People* v. *Erickson*, 74 Cal.App.2d 339, 340 [168 P.2d 417].)

It is a well-settled rule that the matter of exercising the power of probation is committed to the sound discretion of the trial court, and that an order denying probation will not be reviewed on appeal unless it be shown that there was an abuse of that discretion. (*People* v. *Wiley*, 33 Cal.App.2d 424, 429 [91 P.2d 907].) Probation is not an absolute right to which a defendant is entitled, but is an act of clemency which may be granted. (*People* v. *Hainline*, 219 Cal. 532 [28 P.2d 16]; *People* v. *Roach*, 139 Cal.App. 384 [33 P.2d 895].)

The only facts relied upon by the appellant as showing that he was entitled to probation are that he had never been arrested before, that most of the money he took was recovered and that he had a wife and five children. These facts were considered by the trial judge but were not accepted by him as controlling. At the hearing on the petition the deputy probation officer testified as to the result of his investigation and that the defendant, when questioned, gave different accounts of what took place and why he left the State of California. The defendant testified in his own behalf and was questioned fully as to the circumstances surrounding the commission of the offense. The court had an opportunity to observe the defendant and to draw his own conclusions from the testimony of the defendant, and from the report of the probation officer.

We cannot say, under such circumstances the court abused its discretion in denying probation.

Judgment affirmed. The attempted appeal from the order denying probation is dismissed.

Barnard, P. J., and Griffin, J., concurred.