[Crim. No. 4391.   Second Dist., Div. One.   Nov. 22, 1949.]

THE PEOPLE, Respondent, v. NORMAN MORTON FRANK, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was charged by information with contributing to the delinquency of a minor (Welf. & Inst. Code, § 702), a misdemeanor.  He waived preliminary hearing and pleaded "guilty as charged in the information as deemed filed."  He also waived time for sentence and applied for probation.  Thereafter the court pronounced judgment and sentence as follows: "Defendant is sentenced to the County Jail . . . for the term of one year.  Execution of sentence is suspended and Defendant granted probation for a period of five years under the following conditions: Defendant must serve the first nine months of his probationary period in the County Jail with good time allowed, if earned.  County Road Camp is recommended.  Defendant is not to practice medicine while on probation."

While defendant in pro. per., appeals from the order granting probation, that order is contained in and made a part of

the judgment of the trial court imposing sentence; hence it will be assumed that this appeal is from such judgment.

It is here urged that the condition prohibiting appellant from the practice of medicine while on probation is unreasonable and beyond the power of the trial judge to invoke.

Appellant pleaded guilty to the commission of a lewd and lascivious act upon the person of a 10-year-old girl, who at the time was in a plaster cast. The record discloses that appellant was a pediatrician and that two psychiatrists were appointed to examine him in connection with another matter arising out of the instant transaction but which has since been dropped.

Appellant was prosecuted under section 702 of the Welfare and Institutions Code which provides: "The juvenile court shall have original jurisdiction over all misdemeanors defined in this section, and in all prosecutions hereunder, shall cause the defendant to be duly arraigned and plead to the charge made against him in the manner provided in the Penal Code upon an indictment or information. In all cases where the defendant prosecuted under this section enters a plea of guilty, the juvenile court shall have jurisdiction to impose sentence or in its discretion to grant probation upon such terms as it deems proper."

In *People* v. *Blankenship*, 16 Cal.App.2d 606, 609, 610 [61 P.2d 352], wherein defendant pleaded guilty to the crime of rape and was granted probation upon condition that he submit to a vasectomy, it was contended that this was an unreasonable condition to be imposed as a prerequisite for probation.

The court there held otherwise, and enunciated some of the fundamental principles relating to the matter of probation:

"It must, in the first place, be conceded that the granting or withholding of probation is a matter that rests entirely in the sound discretion of the trial court. (Sec. 1203, Pen. Code; *People* v. *Judson*, 128 Cal.App. 768, 774 [18 P.2d 379].) In the second place, probation is not a right which is given to a defendant in a criminal proceeding who has either pleaded guilty to the commission of an offense or has been duly convicted thereof. 'It is an act of grace and clemency granted to a deserving defendant whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted.' (*People* v. *Hainline*, 219 Cal. 532, 534 [28 P.2d 16]; *People* v. *Payne*, 106 Cal.App. 609, 613 [289 P. 909].) The only right which an applicant for probation pos-

sesses is that his petition shall receive consideration by the court. He may not demand clemency as a matter of right. (*People* v. *Roach*, 139 Cal.App. 384, 378 [33 P.2d 895].) . . .

"In conclusion, it may be remarked that appellant was not compelled by the condition which the court imposed to submit to an operation whose effect would be to foreclose him from procreation. He was permitted to elect whether he would comply with the condition and receive the clemency which he asked or decline to submit to the operation and accept the penalty which the law provides as punishment for his offense. It is our conclusion that under the circumstances here presented the condition was neither unreasonable nor improper and that the trial court committed no abuse of discretion in imposing it." See, also, *People* v. *Billingsley*, 59 Cal.App.2d Supp. 845, 849 [139 P.2d 362], where it is stated: "The right of a defendant to refuse probation is a necessary safeguard against the possibility that the conditions of probation may be more onerous than the sentence. The power of the court to impose conditions of probation is very great."

That the trial court considered this one of the most aggravated cases that had ever come before him is evidenced by his comments at the time he placed appellant on probation and imposed the condition here excepted to.

In view of the circumstances presented by the record herein, there was no abuse of discretion on the part of the trial court in granting probation subject to conditions.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 19, 1949.