219 P.2d 953

**STATE v. ELLIS.**

No. 7580.

Supreme Court of Idaho.

June 26, 1950.

Robert E. Smylie, Atty. Gen., J. R. Smead and Don McClenahan, Asst. Atty. Gen., Gilbert C. Norris, Pros. Atty., Payette, John H. Norris, Payette, for respondent.

Gallagher & Gallagher, Ontario, Oregon, Donart & Donart, Weiser, Earl E. Garrity, Nampa, for appellant.

PORTER, Justice.

Appellant was convicted in Payette County, on April 15, 1949, of involuntary manslaughter upon an information charging murder in the second degree. On April 18, 1949, appellant was sentenced to serve not more than ten years in the Idaho State Penitentiary. On April 20, 1949, appellant filed written motion for new trial. On June 20, 1949, appellant filed an application for parole. On June 20, 1949, the court heard the motion for new trial and the application for parole, both of which were by the court, denied. Appellant has appealed to this court from the orders denying the motion for new trial and application for parole.

Appellant is a school teacher. He lives with his wife and two children about two miles southeast of New Plymouth. During the school year of 1947-1948, he was superintendent of schools at New Plymouth. During the school year of 1948-1949, he was superintendent of schools at Garden Valley. While superintendent of schools at New Plymouth, for some reason not appearing in the record, appellant incurred the ill will of the students. He and his family were thereupon subjected to numerous annoyances such as letting the air out of the tires on his automobile, the shooting of firecrackers in front of or close to his house and the honking of automobile horns in the night near his home. These annoyances and disturbances were particularly prevalent during the latter part of the school year, that is, in the spring of 1948. They occurred infrequently during the summer of 1948.

On October 30, 1948, two girls and three boys of teen age were out at night bent upon Halloween pranks. They drove their automobile, about eleven o'clock at night, to the vicinity of appellant's home. They decided to turn over a small out-building. The two girls and the deceased Earl Clouser had entered the yard and the other two boys were still in the highway when appellant turned on his outdoor light and came out of the house with a shotgun. Thereupon the deceased started running. According to the testimony of the two boys in the highway, appellant "brought his gun up to his eyes and followed Earl around" and shot directly at deceased. Deceased was about one hundred feet distant when the gun was fired. Deceased fell to the ground and screamed, "Oh, he got me." Some one hundred thirty-three shot struck the deceased, from the effects of which, he died a short time thereafter. Appellant testified that he fired the shotgun at an elevated position with no intention to shoot anyone, and intended merely to scare the youngsters.

By his brief filed in this appeal, appellant does not set out any specifications of error as required by Rule 52 of the Rules of the Supreme Court. However, under the circumstances in this case, we have determined

to consider the questions raised by the argument in the brief and by the oral argument.

 Under his appeal from the order denying the motion for new trial, appellant does not point out nor contend that any errors occurred in the trial of the action. His contention is that the evidence will not support the verdict and judgment that appellant is guilty of the crime of involuntary manslaughter. Appellant, apparently, does not question the well established law of this state that every charge of murder necessarily includes manslaughter. State v. Hix, 58 Idaho 730, 78 P.2d 1003. Appellant contends, however, that the evidence must show that the defendant is guilty of the included offense. Appellant argues that the evidence in this case shows either that appellant was guilty of murder in the second degree or not guilty of any offense, and that the evidence is insufficient to show appellant guilty of involuntary manslaughter. This court has heretofore repeatedly held contrary to the contention of appellant. In State v. Morrison, 52 Idaho 99, on page 104, 11 P.2d 619, 621, this court held: "The court instructed the jury that the defendant might be found guilty of manslaughter, which appellant contends is error because there is no evidence of manslaughter. This court has repeatedly held that upon a charge of murder in the first degree, the jury may find a defendant guilty of manslaughter, even though there is no evidence to show the lesser rather than the greater crime.

Consequently there was no error in this instruction. State v. Schieler, 4 Idaho 120, 37 P. 272; State v. Alcorn, 7 Idaho 599, 64 P. 1014, 97 Am.St. 252; State v. Phinney, 13 Idaho 307, 89 P. 634, 12 L.R. A.,N.S., 935, 12 Ann.Cas. 1079."

In State v. Phinney, supra, this court, under a charge of murder in the first degree by means of poison, upheld a conviction for manslaughter, stating on page 316 of 13 Idaho, on page 636 of 89 P. "* * * it was within the province of the jury to find the degree of the offense, and that, even though the evidence might fully disclose that the defendant was guilty of a higher degree than that found against him, still the verdict could not be disturbed for that reason. It is not an uncommon thing for a jury, out of sympathy, or what they conceive to be extenuating circumstances, to find a defendant guilty of a lower degree or grade of offense than that of which the evidence clearly convicts him; but the fact that they do so is not a ground of reversal of the verdict and judgment."

In State v. Hix, supra, this court reaffirmed the holdings in State v. Phinney, supra, and State v. Morrison, supra.

 Furthermore, on the merits, the evidence discloses all the elements of involuntary manslaughter and is amply sufficient to sustain the conviction thereof.

Appellant's application for parole was made under the provisions of Section 19-2601, I.C., as it existed prior to its amend-

ment by Chapter 117 Session Laws of 1949. Such section reads as follows: "Whenever any person shall have been convicted, or enter a plea of guilty in any District Court of the State of Idaho, of or to any crime against the laws of the State, except those of treason or murder, the court may, in its discretion, commute the sentence, confine the defendant in the county jail, or if the defendant is of proper age, in the State Industrial School, suspend the execution of the judgment, or withhold judgment on such terms and for such time as it may prescribe and may put the defendant on probation in charge of some proper person selected and designated by the court for that purpose, and make such orders relative thereto as the Court in its sound discretion deems necessary and expedient."

Under his appeal from the order denying his application for parole, appellant contends that the trial court abused its discretion in refusing to grant the parole.

The state, in opposition to appellant's contention, urges, at the outset, that the application for parole was not timely filed and that after the pronouncement of judgment, the court was without jurisdiction to consider such application. However, it does not appear that the application for parole was denied upon such ground. In view of our determination of the merits of appellant's contention as hereinafter set out, and in view of the above mentioned amendment of the statute whereby the time is now fixed for action by the court, we do not consider it necessary to discuss and determine the state's contention of untimeliness.

By the provisions of Section 19-2601, I.C. the trial court is vested with discretion to grant or refuse an application for parole. The trial court must exercise this judicial discretion in a lawful and legal manner. He must give consideration to the application and grant or deny the same in the exercise of a sound, legal discretion. The refusal of the application must not be arbitrary and cannot be based upon mere whim or caprice nor upon any ground not sanctioned by the law. State v. Yockey, 57 Idaho 497, 66 P.2d 111. See also, People v. Lippner, Cal.App., 16 P.2d 1020; People v. Blankenship, 16 Cal.App. 2d 606, 61 P.2d 352; People v. Wiley, 33 Cal.App.2d 424, 91 P.2d 907; People v. Payne, 106 Cal.App. 609, 289 P. 909.

In the case at bar, the record shows that the trial court considered appellant's application for parole but does not disclose any ground or grounds upon which the application was denied. In People v. Jones, 87 Cal.App. 482, 262 P. 361, on page 368, it is said: "If the record is silent as to the grounds of the ruling, the presumption would be, under the general rule as to presumptions on appeal, that it was founded upon a consideration of the merits of defendant's application, * * *."

Appellant does not point out how the trial court in any manner acted upon or considered any ground not sanctioned by

the law. Appellant merely takes the position that under the showing made and the evidence in the case, the trial court should have exercised its discretion in favor of appellant. It appearing from the record that the trial judge considered the application and nothing appearing to show that he did not exercise his discretion according to the established principles of law, we are not at liberty to substitute our own judgment for that of the trial judge and are powerless to interfere with the disposition of the matter as made by the trial court. People v. Wiley, supra.

The orders of the trial court denying the motion for new trial and denying the application for parole, and the judgment of conviction, are affirmed.

GIVENS, TAYLOR and KEETON, JJ., concur.

HOLDEN, C. J., dissents.