[Crim. No. 5770.   Second Dist., Div. Three.   May 17, 1957.]

THE PEOPLE, Respondent, v. ROBERT LOPEZ,
Appellant.

Beecher S. Stowe for Appellant.

Edmund G. Brown, Attorney General, Raymond M. Momboisse and Herschel Elkins, Deputy Attorneys General, for Respondent.

WOOD (Parker), J.—Defendant was accused of violating section 11500 of the Health and Safety Code in that he unlawfully sold heroin.   In a trial by jury, he was convicted.   He appeals from the judgment.

Appellant contends that, as a matter of law, the court

abused its discretion "in refusing to consider" appellant's application for probation; and that the court erred in failing to instruct the jury that evidence as to other offenses was introduced for a limited purpose.

Deputy Sheriff Natividad testified that on November 4, 1955, about 7 p. m., he approached defendant, who was in front of the El Rey Café, and asked him if he had some narcotics—that he wanted to buy three capsules for $10; defendant asked who he (officer) was and where he was from; the officer replied that he was known as "Beto" and he was from East Los Angeles; defendant asked if he (defendant) had sold narcotics to him (officer) on a previous occasion; the officer replied that he had purchased seven capsules from him about a week and a half previously; defendant said that the reason he was asking so many questions was that he (defendant) wanted to make sure whether he (officer) was an officer; then defendant said that he was not worried because he had friends in the right places and he was not afraid of being arrested; the officer said that he (officer) had $11 and some change, and he asked defendant if he would give four capsules for that money; defendant replied that he would; the officer gave defendant $11.35 or $11.40; defendant put the money in his pocket and said he would be back in about 20 minutes; then defendant went across the street and entered a 1951 Chevrolet automobile; about 20 minutes later, defendant returned in a 1936 Oldsmobile and told the officer that he had not been able to get the narcotics; defendant told him to wait a few minutes; defendant went to a nearby café and returned within a few minutes and handed a tissue paper to the officer and said there were four capsules in it.

The capsules contained heroin.

Deputy Sheriff Gutierrez testified that on said November 4 he was in a telephone booth across the street from the El Rey Café, while Deputy Natividad was in front of that café; he (witness) saw a person approach Deputy Natividad, and that person and Deputy Natividad were together for a time; then that person crossed the street, entered a Chevrolet automobile, and went away; while that person was going to the Chevrolet, Deputy Gutierrez (witness) went within 10 feet of him; that person was the defendant; about 15 minutes thereafter, defendant returned in a 1936 or 1937 Oldsmobile, alighted therefrom, and went to Deputy Natividad; he (witness) did not see anything pass from hand to hand, but it seemed as if they were shaking hands; then Deputy Natividad approached

the witness and exhibited four capsules which were in a paper napkin; then the deputies entered their automobile and returned to the sheriff's office.

Defendant testified that on said November 4 he worked until 6 p. m. at 7th and Alameda Streets (Central Wholesale Market), where he was emptying trucks; then he went to 1411½ McDonnell Street to see a prize fight on television; he arrived there about 6:30 p. m. and remained there until approximately 11:30 p. m.; Francisco Vasquez and Steve Trujillo were at said address during that time; that address is about 7 miles from the El Rey Café; defendant was not in the vicinity of that café on that evening; he never sold or delivered any narcotics to Deputy Natividad.

Francisco Vasquez and Steve Trujillo testified, in substance, that they were at 1411½ McDonnell Street on said November 4 from 6:30 p. m. until 11:30 p. m. and during that time defendant was there also.

With reference to appellant's contention regarding the denial of probation, appellant argues that the court refused to consider his application, and that the court had predetermined the application for probation. That argument is based upon a statement of the trial judge which was made at the time set for hearing the application for probation. At the time set for the hearing, the judge asked counsel for defendant if he had seen the probation report. Counsel for defendant replied that he had seen it, and that ''I do feel that the Probation Officer feels that this man is a fit subject for probation.'' Then the judge said: ''I do not grant probation to anybody that sells heroin, counsel, in spite of their recommendation. If they are going to peddle heroin, they run their own risk, as far as this Court is concerned. Probation is denied in this matter.'' Appellant's argument is based upon that statement. ▉ Probation is not a matter of right on the part of a defendant, but it is an act of grace and clemency; and the trial court may grant or deny probation in its discretion. (*People* v. *Payne,* 106 Cal.App. 609, 613 [289 P. 909].) ▉ An applicant for probation has the right to have his application considered by the court. (*People* v. *Blankenship,* 16 Cal.App.2d 606, 609 [61 P.2d 352].) ▉ In the present case, at the end of the probation officer's report there is a statement, signed by the trial judge, which is as follows: ''I have read and considered the foregoing report of the Probation Officer. Noble Judge of the Superior Court.'' The argument that the trial judge did not consider the probation

report is not sustained by the record. In his statement on the report, the judge said that he did consider the report. His comment, at the probation hearing, to the effect that he does not grant probation to anyone who sells heroin was not a declaration that he did not consider defendant's application and the report thereon. The comment did not mean that the trial judge did not properly exercise his discretion in ruling upon the application for probation. The report recited, among other things, that according to a deputy sheriff "the defendant is a rather well known 'pusher' in his area." In appellant's application for probation he said he had not been arrested previously. His arrest record, as shown by the probation report, was that he had been arrested four times previously. It appears that the judge considered defendant's application for probation. The judge did not abuse his discretion in denying probation.

A further contention of appellant is that the court erred in failing to instruct the jury that evidence as to other offenses was introduced for a limited purpose. Appellant argues that such an instruction should have been given for the reason that Deputy Natividad, in relating a conversation between him and defendant, said that defendant had previously sold narcotics to him. As above shown, the conversation was a part of the negotiations between defendant and the deputy regarding the sale herein, and the particular statement referred to was made in reply to a question by defendant as to whether defendant had previously sold narcotics to the deputy. No objection was made to the statement, and there was no motion to strike it, and there was no request that the jury be instructed that the statement was received for a limited purpose. Defendant cross-examined the deputy regarding the statement. He asked the deputy the following questions: "Q. I think you stated in your conversation that you had with Mr. Lopez in front of the El Rey Café initially, you stated that you had made a narcotic purchase from him approximately a week and a half before. A. Yes, sir. Q. From your own knowledge, do you know that you did make a narcotic purchase? A. Yes. Q. Are you qualified as an expert to testify as to whether or not there were narcotics in that purchase? A. I saw the results of the chemical analysis conducted by Mr. Klein and the results were that the seven capsules that I purchased from him on October 19th each contained heroin." ■ The court was not required, on its own motion, to give an instruction limiting the purpose for which

the statement might be considered. (See *People* v. *Holbrook*, 45 Cal.2d 228, 233 [288 P.2d 1].) In the case just cited the court said (p. 233) : "There is no merit to defendant's claim that the trial court, upon its own motion, should have instructed the jury that the evidence of defendant's intent to commit an abortion upon the policewoman could not be considered in arriving at a verdict on the charge of an abortion upon Miss Solis. When the evidence of the events relating to the policewoman's visit to defendant's office was offered and received, defendant made no objection on the ground that it should be admitted only for purposes of the count charging an attempted abortion, and he did not request an instruction that the jury could consider it only for a limited purpose. It is true that in some situations a court must, of its own motion, instruct upon the law relating to the facts of the case . . . but the court, in the absence of a request, was not required to give an instruction limiting the purposes for which the evidence could be considered."

In the present case, the court gave an instruction to the effect that the offense charged in the information was alleged to have occurred on November 4, 1955; and that it "is your duty as jurors to determine by your verdict whether the defendant was guilty or not guilty of that alleged particular offense, and, regardless of what your belief may be as to his innocence or guilt in connection with any other occasion shown by the evidence, you must not find him guilty of the charge made against him in the Information unless you find that he committed that particular offense."

The court did not err in instructing the jury.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.