[Crim. No. 6467.   Second Dist., Div. One.   Feb. 3, 1959.]

THE PEOPLE, Respondent, v. JOHN BURR ROBERSON, Appellant.

John Burr Roberson, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

LILLIE, J.—Defendant was charged in Counts 1 and 2 of an information with having committed lewd and lascivious acts on the bodies of two females under the age of 14 years, in violation of section 288, Penal Code. He pleaded not guilty to both counts, but on the day set for trial defendant, represented by, and in the presence of his counsel, withdrew his plea of not guilty to Count 1 and substituted therefor a plea of guilty. The court, under section 5504, Welfare and Institutions Code, appointed two doctors to examine him and ordered the probation officer to submit a probation report. Proceedings on Count 2 were continued for further disposition, and later dismissed.

Upon the report of the two court-appointed doctors that defendant was "a possible sexual psycopath," the court below, on March 10, 1958, committed him to Atascadero State Hospital for a period not to exceed 90 days for observation. Thereafter, returning defendant for sentence, the Director of the State Hospital, Dr. Rude, reported to the court that defendant was a sexual psychopath, would not benefit from further care and was a menace to the health and safety of others; and recommended he be sentenced on the charge. On July 11, 1958, defendant, with his counsel, appeared before the lower court, at which time it found defendant to be a

sexual psychopath, denied probation and sentenced him to the state prison. Defendant's appeal is taken from "my case," but we will treat the same as one taken from the judgment entered upon his plea of guilty and the subsequent denial of probation.

Although defendant was represented by counsel at all stages of the proceedings in the court below, he appears before us now in propria persona. His opening brief, not in compliance with the Rules on Appeal and consisting of only several short paragraphs, declares that he had been drinking to relieve a back pain and that because of a "promise" of probation, he pleaded guilty to a crime he "did not commit."

Defendant's bare statement that he was "promised probation" stands alone without any explanation concerning the manner in which the alleged promise was made, by whom and when it was made, and of what it consisted. In the absence of more specific and relative information, the mere declaration that defendant pleaded guilty under a "promise" of probation is ineffective to create a meritorious issue before this court, particularly when it is clear from the record he was at all times represented by counsel, and never called the matter to the attention of the trial judge on a motion to set aside the guilty plea, or otherwise, either before, at the time of, or after judgment.

In all of the proceedings in the court below, defendant was represented by competent counsel of his own choice, who was present at all times with his client. There is no hint in the record or otherwise that any of the proceedings were other than proper or not free from duress, fraud, coercion or other forces overreaching the free will of the defendant. Defendant's statement on this appeal is the only suggestion anywhere that a "promise" of probation ever existed, and it, in the absence of specific explanatory facts, constitutes nothing more than that it was the disappointed hope of getting probation that motivated defendant's plea of guilty. Defendant made no request of the trial court to be relieved of his guilty plea, but even if the matter were properly before this court on an issue of abuse of discretion, such a circumstance is wholly insufficient to justify appellate interference. Said the court in *People* v. *Van Valkenburg*, 111 Cal.App.2d 337, at page 342 [244 P.2d 750] : ". . . it is equally clear that mere disappointment of the accused in the awarded sentence, or reliance upon his own counsel's advice, are not sufficient to prove abuse of discretion in denying the motion. (Citations.)"

We have no reason to believe that such a "promise" was ever made, or if it was, that it came from any one officially connected with the prosecution or the court, or that defendant's plea was not entered by him voluntarily, while fully informed of his rights and with the knowledge, and in accord with, the advice of his counsel.

██ At no time, either before or after judgment, did defendant ask the court below to permit him to withdraw his plea of guilty and substitute a not guilty plea therefor. Had he filed such a motion, it would have been incumbent on him to show good cause for the substitution. At that time he could and should have set forth in detail all of the matters of which he now complains, and whatever defense to the charge he now claims. ██ In allowing or denying such motion, the trial court is vested with a broad discretion, the exercise of which will not be disturbed on appeal unless abuse is clearly shown. (*People* v. *Northcott,* 209 Cal. 639 [289 P. 634, 70 A.L.R. 806]; *People* v. *Cooper,* 123 Cal.App.2d 353 [266 P.2d 566]; *People* v. *Broady,* 120 Cal.App.2d 901 [262 P.2d 669]; *People* v. *Van Valkenburg,* 111 Cal.App.2d 337 [244 P.2d 750].)

Although we do not believe the matter to be properly before us, and are not confronted with the matter of discretion, nevertheless we have fully considered defendant's contentions in the light of the record on appeal and we find nothing which would justify this court's interference with the judgment of the court below.

██ With reference to defendant's declaration that he "had been drinking to relieve a pain" in his back, we are unable to determine from his brief whether he made the statement in connection with his contention that he pleaded guilty to a crime "he did not commit," or presented it to this court as a "defense" to the charge. If it is the latter, he is not now in a position to urge the same since, by his voluntary plea of guilty, he has admitted every element of the offense with which he was charged. (*People* v. *Ottenstror,* 127 Cal.App. 2d 104 [273 P.2d 289].)

██ As to the lower court's disposition of defendant's application for probation, this, too, is discretionary with the trial judge, probation not being an absolute right to which a person is entitled. (*People* v. *Hainline,* 219 Cal. 532 [28 P.2d 16]; *People* v. *Roach,* 139 Cal.App. 384 [33 P.2d 895].)

██ In any event, an order denying probation will not be

reviewed on an appeal from the judgment unless the record clearly shows an abuse of discretion. (*People* v. *Jackson*, 89 Cal.App.2d 181 [200 P.2d 204]; *People* v. *Wiley*, 33 Cal.App. 2d 424 [91 P.2d 907].) ■ The limited record before us contains neither the probation officer's report nor the medical reports. However, it does disclose that a probation report was ordered, medical reports of the two court-appointed doctors were submitted and the report of Dr. Rude was filed; and that all were considered by the trial judge before judgment was pronounced. It further shows that the probation officer recommended a period of observation for defendant; the two doctors found him to be a "possible sexual psychopath" and Dr. Rude, after observing defendant, reported that he was not only a sexual psychopath, but a menace to the health and safety of others, and recommended his sentence on the felony charge. The trial court considered these matters, and, in addition, had the opportunity to talk with and observe the defendant. We are unable to find anything that even approaches an abuse of its discretion in denying defendant's application of probation.

For the foregoing reasons the judgment is affirmed.

White, P. J., and Fourt, J., concurred.