[Crim. No. 106. Fifth Dist. Aug. 14, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. LEWIS JACK TROYN, Defendant and Appellant.

182

J. M. Lopes for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Anthony S. Da Vigo, Deputy Attorney General, for Plaintiff and Respondent.

CONLEY, P. J.—The defendant, Lewis Jack Troyn, who entered a plea of guilty to contributing to the delinquency of a minor during his trial on a charge of violating section 288a of the Penal Code, now appeals from the order of the superior court admitting him to probation. He was admitted to bail during the pendency of the appeal. The appeal is equivalent to an appeal from a judgment of conviction. (Pen. Code, § 1237, subd. 1; *People* v. *Bugg*, 204 Cal. App.2d 811, 814 [22 Cal.Rptr. 896]; *People* v. *Goldstein*, 136 Cal. App.2d 778, 793 [289 P.2d 581].)

First, the defendant contends that the court abused its discretion in not granting him straight probation instead of imposing as conditions that he serve 90 days in the county jail and that he register as a sexual offender.

*People* v. *Osslo*, 50 Cal.2d 75, 103 [323 P.2d 397], holds: "The granting of probation is entirely within the sound discretion of the trial court; a defendant has no right to probation; he does have the right, if he feels that the terms of probation are more harsh than the sentence imposed by law, to refuse probation and undergo such sentence. (*People* v. *Frank* (1949) 94 Cal.App.2d 740, 741-742 [211 P.2d 350].)"

In *People* v. *Blankenship*, 16 Cal.App.2d 606, 609 [61 P.2d 352], it is said: "It must, in the first place, be conceded that the granting or withholding of probation is a matter that rests entirely in the sound discretion of the trial court. (Pen. Code, § 1203; *People* v. *Judson*, 128 Cal.App. 768, 774 [18 P.2d 379].) In the second place, probation is not a right which is given to a defendant in a criminal proceeding who has either pleaded guilty to the commission of an offense or has been duly convicted thereof. 'It is an act of grace and clemency granted to a deserving defendant whereby he may

escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted.' (*People* v. *Hainline*, 219 Cal. 532, 534 [28 P.2d 16]; *People* v. *Payne*, 106 Cal.App. 609, 613 [289 P. 909].) The only right which an applicant for probation possesses is that his petition shall receive consideration by the court. He may not demand clemency as a matter of right. (*People* v. *Roach*, 139 Cal.App. 384, 387 [33 P.2d 895].)'' (See also Pen. Code, §§ 1203, 1203.1; *People* v. *Frank*, 94 Cal.App.2d 740 [211 P.2d 350].)

■ A judge's discretion in granting or denying probation is not disturbed on appeal unless there is a clear showing of abuse, which factor is not present here. (*People* v. *Overton*, 190 Cal.App.2d 369, 372 [11 Cal.Rptr. 885]; *People* v. *Roberson*, 167 Cal.App.2d 542, 545-546 [334 P.2d 578]; *People* v. *Hollis*, 176 Cal.App.2d 92, 96 [1 Cal.Rptr. 293].)

■ The facts set forth in the probation officer's report are not denied by the defendant. They show ample ground to justify the trial judge in refusing to grant straight probation to this particular defendant. Among the facts set forth in that report are the following:

"In regards [*sic*] to the above stated prior record a prior probation officer's report indicates that in January of 1962, this defendant was arrested on the charge of statutory rape of a 17 year old Visalia girl. A charge of contributing to the delinquency of a minor was filed against him, however he was later allowed to enter a plea of guilty to the lesser offense of outraging public decency. In that probation report it is indicated that the defendant admitted he had had several acts of sexual intercourse with this young girl and admitted that he had paid her from $5 to $10 each time."

Later, the probation officer again refers to the earlier offense of the defendant, saying: "In considering a recommendation in the present matter the writer notes that in February of 1962 Troyn appeared in the Visalia Justice Court on the charge of outraging public decency and was ordered to pay a $315 fine. That offense involved a 17 year old girl and it appears obvious that the paying of that fine did not deter him from his association with young girls. The writer therefore feels that he should be placed on probation for the present offense but that a term of such probation should be that he serve a period of time in custody. It also appears that a term of probation requiring him to register as a sex offender pursuant to section 290 of the Penal Code is also in order."

The report recommended probation on condition that the defendant serve 90 days in the county jail and that he register

as a sex offender. The extremely light treatment afforded the defendant on the earlier criminal occasion did not deter him from later indulging in his illegal sexual habits. The court was fully justified in setting up as conditions of the probation that he serve some time in the county jail, and that he register as a sexual offender.

It is next contended that, although the defendant entered a plea of guilty, he nevertheless could not be held responsible for the crime which he admitted because the original information in the case did not specifically charge him with contributing to the delinquency of a minor. His argument receives some prima facie semblance of merit from the opinion in *People* v. *Kennedy,* 133 Cal.App.2d 693 [284 P.2d 898]. There the defendant was charged with violation of section 288a of the Penal Code without reference to the age of the victim, but the jury, following the court's permissive instruction, brought in a verdict against him for contributing to the delinquency of a minor. The First District Court of Appeal, while commenting that the evidence overwhelmingly supported the verdict, reversed the judgment of conviction because the information charged only violation of section 288a of the Penal Code without reference to the age of the complaining witness, and, therefore, proof of a violation of what was then section 702 of the Welfare and Institutions Code was not admissible. The court held that the instruction that the jury could bring in a verdict of guilty of the relatively minor offense was fatally erroneous. The court says on page 694: ''Having acquitted the defendant on the only charge made in the information (violation of Pen. Code, § 288a), the jury was without power to convict him of a violation of section 702 of the Welfare Code.''

The information in the present case differs markedly from that in the *Kennedy* case in that the charging clause contains ample factual coverage of the crime to which the defendant pleaded guilty. The information reads as follows:

''The said Lewis Jack Troyn is accused by the District Attorney of Tulare County, State of California, by this Information filed this 1st day of July, A.D. 1963, of the crime of Felony, to wit: Violation of section 288a of the California Penal Code—Sex Perversion committed as follows: The said Lewis Jack Troyn on or about the 26th day of June, A.D. 1963, at the County of Tulare, State of California, and before the filing of this Information, did willfully, unlawfully and feloniously participate in the act of copulating the mouth

of him, the said Lewis Jack Troyn, with the sexual organ of Judy Kay Russell of the age of 16 years.''

The offense of contributing to the delinquency of a minor under the facts in the present case could have been set forth specifically in the information as a necessarily included offense. (*People* v. *Marshall,* 48 Cal.2d 394 [309 P.2d 456]; *People* v. *Collins,* 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326].)

██ Section 952 of the Penal Code authorizes an alternative method of charging a crime ''. . . in any words sufficient to give the accused notice of the offense. . . .'' (*People* v. *Quinn,* 94 Cal.App.2d 112, 116 [210 P.2d 280].) ██ The defendant received ample notice, through the wording of the information, that the victim was a minor and, aside from his own knowledge of events, he had clear notice from the form of the information that it took cognizance of the age of the victim.

In a robbery case, *People* v. *Marshall, supra,* 48 Cal.2d 394, 399, the court stated that although the statutory definition of robbery did not necessarily include the offense denounced by section 503 of the Vehicle Code [taking of a vehicle] the particular robbery specifically pleaded in the information included all the elements of a violation of section 503 because the information alleged that property unlawfully taken by the defendant was an automobile.

██ The ''yardstick for determining 'included' offenses is the language of the accusatory pleading.'' (*People* v. *Marshall, supra,* at p. 403.)

██ The information charged defendant with violation of section 288a of the Penal Code with a 16-year-old girl; this was sufficient to include the offense of contributing to her delinquency.

In *People* v. *Greer,* 30 Cal.2d 589, at page 597 [184 P.2d 512], the court said: ''It is inconceivable that the acts described in [Pen. Code] sections 261 [subd.] 1 and 288 would not contribute to the delinquency of a minor.''

This viewpoint is equally applicable to a charge of the violation of section 288a against a minor. It is inconceivable that the acts constituting such a crime would not contribute to the delinquency of a 16-year-old girl.

██ It should also be observed that there was no objection urged in any way by the defendant to the form of the information at the time of his plea. Under the authority of *People* v. *Beesly,* 119 Cal.App. 82, 87 [6 P.2d 114, 970], and *In re Cook,* 13 Cal.App. 399, 403 [110 P. 352], the defendant has

no right to raise this point by which he now seeks a reversal of the judgment.

The judgment is affirmed.

Stone, J., concurred.