[Crim. No. 117. Fourth Appellate District.—April 27, 1931.]

THE PEOPLE, Respondent, v. P. MARTINO, Appellant.

Frank H. Marvin for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

JENNINGS, J.—Defendant appeals from the judgment of the trial court whereby he was sentenced to imprisonment in the state prison at San Quentin, California.

Appellant was charged in an information filed by the district attorney of Fresno County with the crime of grand theft. He was duly arraigned in department 4 of the Superior Court of Fresno County on December 19, 1930, and entered a plea of guilty of the offense as charged. His counsel thereupon moved the court to refer the matter to the probation officer for investigation and report. The motion was granted and the probation officer was ordered to make an investigation and return his report to the court on January 2, 1931. On this date appellant was before the court in department 3, wherein was presiding a judge other than the judge before whom appellant had entered a plea of guilty on December 19, 1930. The report of the probation officer setting out the result of his investigation had been returned and was before the court. In this report the probation officer recommended that appellant's application for probation be granted on the condition that he spend the first six months of his probationary

period in the county jail. The court declined to accept the recommendation that appellant's application for probation be granted and proceeded to impose upon him a sentence of imprisonment in the state prison at San Quentin.

It is contended by appellant that, inasmuch as he had entered a plea of guilty before the judge who was presiding in department 3 of the superior court, his application for probation should have been heard by the same judge before whom the plea had been entered. The contention is untenable. The superior court in the county of Fresno is a single entity and its division into departments is simply for convenience and expedition of business. (*People* v. *Carantan*, 11 Cal. App. 561 [105 Pac. 768]; *Brown* v. *Campbell*, 110 Cal. 644, 648 [43 Pac. 12]; *White* v. *Superior Court*, 110 Cal. 60, 67 [42 Pac. 480].)

It is urged also that the judge who imposed the sentence of imprisonment on appellant was actuated by a pronounced personal prejudice against the offense of cattle stealing, which was the offense of which appellant had pleaded guilty, and that the judge abused the discretion vested in him in refusing to follow the recommendation of the probation officer. The statement that the court abused its discretion involves the concession that the court had discretion to deny probation as well as to grant it. The language of section 1203 of the Penal Code leaves no doubt that the court possessed such discretion. It is, however, strenuously contended that because the court expressed its opinion of cattle stealing in no uncertain terms, its action in denying probation was arbitrary and the result of preconceived prejudice which amounted to an abuse of discretion. The record discloses that when the court was apprised of the nature of the offense he expressed unqualified disapproval of cattle stealing, declaring, as he denied probation, that, if he had his way, he would build a penitentiary especially for cattle thieves. In spite of the judge's caustic comments in regard to cattle stealing, the record discloses that before pronouncing judgment he did consider the report of the probation officer, for he adverted to the fact that the report of the probation officer showed that appellant had suffered a prior imprisonment in jail for another offense and had on another prior occasion paid a fine imposed for the commission of a misdemeanor. The

court also stated that he noted that the probation officer recommended a term in jail. It is therefore apparent that the court considered the report of the official to whom the matter had been referred for investigation and his refusal to follow the recommendation made therein cannot, under the circumstances, be properly characterized as arbitrary.

The language of section 1203 of the Penal Code defining the principles which should guide the court in its action in passing upon an application for probation is as follows: "And if it shall determine that there are circumstances in mitigation of punishment prescribed by law, or that the ends of justice would be subserved by granting probation to the defendant, the court shall have power in its discretion to place the defendant on probation . . . " The determination by the court that the ends of justice will be subserved by granting probation or a determination that its action in so doing will not subserve the ends of justice cannot by reason of the very nature of such action be controlled by fixed legal rules. As was aptly said by the appellate court in *People* v. *Jones*, 87 Cal. App. 482, 497 [262 Pac. 361, 368], "it must be guided by considerations pertaining to psychology, sociology and penology, or, in the words of the code, to 'the ends of justice'; by general rules of policy which have not been and in the nature of the case should not be crystallized into positive or definite rules of law". If, therefore, it is not made to appear that the court's refusal to grant probation was wholly arbitrary, its determination that there are no mitigating circumstances or that the ends of justice will not be subserved by granting the application will not be overturned. We are of the opinion that the appellant herein has failed to make such showing.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.