[Crim. No. 2666.   Second Appellate District, Division One.—April 16, 1935.]

THE PEOPLE, Respondent, v. FRANK CLAY PAYTON, Appellant.

Alexander L. Oster for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

EDMONDS, J., *pro tem.*—Defendant was charged with the crime of issuing a check without sufficient funds. He waived a jury and upon a trial by the court, he was convicted of the crime charged. He appeals from the judgment of conviction and the order denying his motion for a new trial.

█ Appellant contends that the evidence was insufficient to support the judgment, for the reason that the intent to defraud had not been established. (Sec. 476a, Pen. Code.) From the evidence it appears that on December 1, 1933, appellant purchased 128 bales of hay from H. J. Crinklaw, in Santa Susana, Ventura County. Appellant gave in payment for the hay a check drawn by him on a bank in which he had neither an account, nor credit. Defendant testified, in effect, that he left the date blank on the check; that he told Crinklaw that he did not have an account in the bank, and asked Crinklaw to hold the check for a few days until he could sell the hay and return the money. The hay was sold and he further testified that he gave $100 to his truck driver, Morrow, the following day for the purpose of redeeming the check, and that Morrow told him several days later that he, Morrow, had picked up the check and destroyed it. Morrow was reported to be in Arizona. Crinklaw testified that the check was dated December 1, 1933, and given to him by the appellant as payment for the hay, without any request being made to hold the check and without any mention of the fact that the appellant did not have an account or credit at the bank.

Although there is a direct conflict in the evidence it is ample to justify the inference of guilt. ''The findings of a jury upon disputable questions of fact if supported by direct evidence or inferences or both must be given full faith and credit. It is only where, as a matter of law, there is no legal evidence supporting the charge that a reviewing court may disturb a verdict. The rule, upon an appeal in a criminal case, is that the court must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence and then determine whether or not the guilt of the de-

fendant is deducible therefrom. The question for the court to pass upon is whether there were facts before the jury to justify the inference of guilt." (*People* v. *Deysher*, 2 Cal. (2d) 141 [40 Pac. (2d) 259].)

The appellant urges as prejudicial errors certain questions asked of him by the district attorney on cross-examination concerning other alleged offenses. There is no merit in the point.

The judgment and the order are, and each of them is, affirmed.

Conrey, P. J., and Houser, J., concurred.