[Civ. No. 12893.   Second Dist., Div. Two.   Dec. 8, 1941.]

COMMANDER OIL COMPANY, LTD. (a Corporation), Respondent, v. H. A. BARDEEN et al., Appellants.

Oliver O. Clark for Appellants.

Don S. Irwin and James A. Madden for Respondent.

McCOMB, J.—From an order granting plaintiff's motion for a new trial, defendants appeal. The action is one for declaratory relief involving obligations relative to an oil lease, and was tried before the court without a jury. The present action is between the same parties and the pleadings raise the same issues as those involved in the case of *Bardeen* v. *Commander Oil Co.*, this court's 2nd civil No. 13273, *ante*, p. 355 [119 Pac. (2d) 967], which we have this day decided. The instant case was tried with the case just mentioned. Thereafter the trial judge denied a motion for a new trial in action No. 13273, *supra*. After denying a motion for a new trial in the present case (action No. 12893), the trial judge became incapacitated and a motion for a new trial in the instant case was heard before a different judge of the superior court, who granted the motion for a new trial on the ground, among others, of the "insufficiency of the evidence to justify the decision of the court."

These are the questions necessary for us to determine:

*First: Was the order of the trial court erroneous? Second: Assuming that the order of the trial court was correct, in view of our decision in Bardeen v. Commander Oil Co., 40 Cal. App. (2d) 341 [104 Pac. (2d) 875], which determines some of the issues raised by the pleadings in the present action in favor of the present defendant, should this court reverse the order of the trial court granting a motion for a new trial and order a judgment to be entered in conformity with the facts as determined in Bardeen v. Commander Oil Co., 40 Cal. App. (2d) 341 [104 Pac. (2d) 875]?*

The first question must be answered in the negative. The law is established that, where there is a conflict of evidence upon material issues, which would have sustained a judgment in favor of the moving party, an order granting a motion for a new trial upon the ground of the insufficiency of the evidence to sustain the judgment theretofore entered by the trial court will not be disturbed upon appeal. (*Empire Investment Co.* v. *Mort*, 169 Cal. 732, 736 [147 Pac. 960].)

It is likewise settled that the aforesaid rule of law is applicable, even though the motion for a new trial is granted by another judge than the one who presided at the

trial of the action (*Empire Investment Co.* v. *Mort, supra*). An examination of the record in the instant case discloses substantial evidence to sustain a judgment in favor of plaintiff, should the trial court have chosen to believe it to the exclusion of the evidence offered by defendants. Therefore, the ruling of the trial court on the motion for a new trial will not be disturbed by us.

The second question must be answered in the negative. In addition to the issues raised in *Bardeen* v. *Commander Oil Co.*, 40 Cal. App. (2d) 341 [104 Pac. (2d) 875], the present action raises other issues necessary to be determined, and, as pointed out in *Bardeen* v. *Commander Oil Co.*, our number 13273, this day decided, there are several other actions pending between the same parties raising the same issues and arising out of the same transaction. It is, therefore, proper that these various actions be tried before the same trial judge, pursuant to the provisions of section 427, subd. 8 of the Code of Civil Procedure, at which time the present defendants, if so advised, may by proper plea raise in the trial court the issue of *res judicata* predicated upon our decision in *Bardeen* v. *Commander Oil Co.*, 40 Cal. App. (2d) 341 [104 Pac. (2d) 875]. We refrain from expressing any opinion as to the merits of such a plea.

In view of our conclusions, it is unnecessary for us to discuss the other points urged by counsel.

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.