[Crim. No. 4602.   Second Dist., Div. Three.   Apr. 2, 1951.]

THE PEOPLE, Respondent, v. ROBERT IRVIN CON-
NOLLY et al., Defendants; LLOYD ALLAN PHILLIPS,
Appellant.

William W. Larsen and Max Tendler for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendants, Robert Irvin Connolly and Lloyd Allan Phillips, were charged by amended information with two counts of robbery while armed with deadly weapons, to which they pleaded not guilty. (Defendant Connolly was charged with and admitted a prior conviction of a felony, a violation of Veh. Code, § 503.) After trial by jury, Count I was dismissed as to defendant Phillips and defendant Connolly found not guilty. Both defendants were found guilty as to Count II and the jury further found specially that both were armed with deadly weapons at the time of the robbery. Both defendants filed application for probation and it was denied without comment in each instance. Defendant Phillips alone appeals.

Defendant Phillips contends that the trial court did not properly instruct the jury and that he was thereby deprived of his right to have his application for probation considered on the merits. He also contends that he was prejudiced in that the same judge who presided at the trial did not consider his application for probation.

At about 1 o'clock on the morning of May 16th, 1950, the defendants entered the liquor store of one Max Weiss. Mr. Weiss testified that he saw two blue-barrelled, rather heavy guns "on" both defendants; that one of them searched him and after removing the contents of his pockets forced him to open the cash register; that he was then told to lie face down on the floor. He stated that approximately $224 was taken by the defendants from the register and from his person. When the defendants were apprehended on the afternoon of May 16th, by police officers who pursued them for about 35 miles, two loaded revolvers were found in their car.

Defendant maintains that there was no evidence to show that the guns were loaded at the time of the robbery or that they were pointed at Mr. Weiss or used in any manner, and that the jury should have been instructed concerning "dangerous" as distinguished from "deadly" weapons inasmuch as one who has been found guilty of robbery while armed with a "deadly" weapon is ineligible for probation under the provisions of section 1203 of the Penal Code.

The court defined robbery and instructed as to what constitutes robbery of the first degree. Section 211a of the Penal Code provides that robbery is of the first degree when it is perpetrated by a person who is armed with a "dangerous *or* deadly" weapon and no distinction is made for the purpose of fixing the degree of the crime. The court further instructed the jury as follows: "It is charged in each count of the information that at the time of the commission of the offense therein described, the defendant[s] *was* armed with a deadly weapon, to wit: pistols. If you find the defendants guilty of the crime thus charged, it then will become your duty to determine whether or not he was armed with a deadly weapon at the time of the commission of the offense, as alleged in the information, and you will include a finding on that question in your verdict, using a form that will be supplied for that purpose.

"The term 'deadly weapon', as used in the instruction just given, includes a pistol, or revolver or any other firearm. A person is 'armed with' a weapon when he carries such weapon as a means of offense or defense."

The jury found that defendant was armed as "charged in the amended information." Defendant contends that if the jury had been properly instructed it could have found that he was armed with a dangerous weapon, rather than with a deadly one, thereby rendering him eligible for probation. In support of his theory he relies on the case of *People* v. *Raner,* 86 Cal.App.2d 107 [194 P.2d 37], wherein this court held that the defendants there had been prejudiced and denied a substantial right conferred by statute to have their applications for probation considered because the court erred in finding that they were armed with a "deadly" weapon rather than a "dangerous" one. In the Raner case it was pointed out that the minutes of the court showed affirmatively that probation was denied because the court considered the unloaded .22 rifle which had been pointed at the victim to be a "deadly" weapon and for that reason refused to pass on the merits of the application. The Raner case discussed the distinction between deadly and dangerous weapons and it would serve no useful purpose to repeat that discussion here. In the present case no reason was given for the denial of probation.

The granting or withholding of probation is discretionary with the trial court and the exercise of that discretion will not be interfered with on appeal in the absence of a clear

showing of an abuse thereof. (*People* v. *Martino*, 113 Cal. App. 661 [299 P. 86]; *People* v. *Wiley*, 33 Cal.App.2d 424 [91 P.2d 907]; *People* v. *Jackson*, 89 Cal.App.2d 181 [200 P.2d 204].) ■ This court may not presume that the trial court accepted the finding of the jury that the defendant was armed with a "deadly" weapon rather than with a "dangerous" one when considering the application for probation. The jury's finding was directed toward fixing the degree of the offense and was not binding upon the court when the question arose later as to whether the guns may have been only dangerous weapons. Inasmuch as other factors may have entered into the court's determination to deny probation to defendant, we may not presume that the denial was based solely on an erroneous characterization of the weapon with which the defendant was admittedly armed. ■ To do so would be to presume error on the part of the trial court and this we may not do since all intendments and presumptions must be resolved in favor of the judgment and orders. (*People* v. *Alexander*, 41 Cal.App.2d 275 [106 P.2d 450, 916].) It is therefore unnecessary to discuss the sufficiency of the evidence to support the finding of the jury that the pistol was a deadly weapon.

■ There is no merit in defendant's contention that he was prejudiced because the same judge did not hear his application for probation. ■ It has long been held that the superior court in a particular county is a single entity and its division into departments is simply for the convenience and expedition of business. Precisely the same point was raised by the defendant in *People* v. *Martino*, 113 Cal.App. 661, 663 [299 P. 86], and there decided adversely to him. (See, also, *Garris* v. *Mitchell*, 7 Cal.App.2d 430, 436 [46 P.2d 225].) ■ This court will not presume that the trial court was not familiar with the record when passing on defendant's application for probation. ■ The rule is the same here as when a motion is made for a new trial and a judge, other than the one who presided at the trial, passes thereon; a reviewing court will not interfere with the exercise of his discretion when no abuse thereof appears. (*Commander Oil Co.* v. *Bardeen*, 48 Cal.App.2d 345 [119 P.2d 969].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.