[Crim. No. 5212.  Second Dist., Div. Three.  Nov. 22, 1954.]

THE PEOPLE, Respondent, v. PORTER EDWARD JEN-NINGS et al., Defendants; WILLIAM HARTLEY ACASON, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—William H. Acason and one Jennings were charged in Count I of an amended information (No. 150845) with issuing a check without sufficient funds on July 11, 1952. They were charged in seven other counts therein with grand theft of sums of money during the period of May 5, 1952, to July 17, 1952. They were charged further, in another count, with criminal conspiracy to defraud by criminal means and to commit grand theft during said period. On November 12, 1952, they pleaded guilty as charged in Count I and not guilty as charged in the other counts. The court set a date for hearing defendants' applications for probation and for pronouncing judgment as to Count I, and for disposition of the other counts.

On January 19, 1953, defendant Acason, at the hearing on his application for probation (as to Count I), made a motion to withdraw his plea of guilty and to enter a plea of not guilty. The motion was denied on said January 19. As to Acason, proceedings were suspended as to Count I, and probation was granted for five years under the conditions that he serve six months of said period in the county jail, that he make restitution, and that he must not violate any law. On motion of the deputy district attorney other counts of the amended information were dismissed as to Acason.

On January 26, 1953, an order to show cause was issued directing the district attorney to show cause why defendant Acason should not be permitted to withdraw his plea of guilty and substitute a plea of not guilty. The matter was submitted upon affidavits, was heard and argued; and defendant's motion was denied. On February 10, 1953, Acason appealed from the order denying his motion to withdraw his plea of guilty. Said order was affirmed (*People* v. *Jennings*, 121 Cal.App.2d 531 [263 P.2d 37]) and the remittitur was filed on December 29, 1953. On January 4, 1954, appellant was remanded to the custody of the sheriff to serve the jail sentence which was imposed as a condition of probation.

After probation had been granted, and while said appeal from the order denying Acason's motion to withdraw his plea of guilty was pending, he was charged in another information (No. 160073) with issuing checks without sufficient funds (in three counts), and in a fourth count he was charged with grand theft committed on June 1, 1953. As to Count IV, he pleaded guilty to petty theft, an offense included in the offense charged. Hearing upon his application for probation, as to Count IV, was set for March 1, 1954. Hear-

ing on violation of probation in the present case (No. 150845) was continued (on February 23, 1954) to March 1, 1954.

On said March 1, the court denied Acason's application for probation as to said Count IV (in the other case) and sentenced him to imprisonment in the county jail for six months. Upon motion of the deputy district attorney, the other counts of said other information were dismissed.

Also, on said March 1, the court found that Acason had violated the terms of probation imposed in the present case, revoked probation, and sentenced him to imprisonment in the state prison. The notice of appeal herein recites that defendant Acason appeals from the judgment and from the order revoking his probation.

Since the order revoking probation was made prior to entry of judgment herein (proceedings having been suspended), it is an intermediate order reviewable on appeal from the judgment (*People* v. *Robinson*, 43 Cal.2d 143, 145 [271 P.2d 872]), and the purported appeal from said order will be dismissed.

Appellant contends that the court was without jurisdiction to revoke his probation. He states that the court, in granting probation on January 19, 1953, suspended the proceedings and did not limit the suspension to any particular portion of the proceedings; that "the stay of execution," which resulted from appellant's release on an appeal bond, arrested all proceedings during the stay; and that during such period appellant could not be treated as a convict undergoing punishment, or as one subject to imprisonment in the state prison. In other words, it seems to be appellant's argument that during the period said appeal was pending (appeal from order denying his motion to withdraw his plea of guilty) he was not on probation, and therefore his conduct during that period could not be a basis for revoking probation. Counsel for appellant stated during the proceedings before the court on March 1, 1954, that "There were acts [by appellant] which undoubtedly would constitute a violation of his probation during that period if the probation was in effect at that time." At the time probation was granted (January 19, 1953) the court had before it the probation officer's report and supplemental report, wherein the probation officer recommended that probation be denied. A condition of the probation was, as above stated, that appellant "must not violate any law." Thereafter on June 1, 1953, appellant committed petty theft. (He pleaded guilty.) At

the time probation was revoked (March 1, 1954) the court had before it the record of the offense of June 1, 1953, which offense, of course, had not been committed at the time probation was granted (January 19, 1953). As above shown, probation was revoked herein after the order appealed from (order denying motion to withdraw plea) had been affirmed and the remittitur had been filed, and while appellant was serving the jail sentence which was a condition of probation. In revoking probation, the court stated that the revocation was based "first, upon conduct of the defendant since January 19, 1953," as well as on facts brought to the attention of the court in the probation reports indicating the defendant's conduct previous to and after the date of the crime herein, "the Court not having been advised on January 19th, 1953, of the defendant's activities in full." ■ As was stated in *In re Dearo*, 96 Cal.App.2d 141 [214 P.2d 585], at page 143: "Probation is not a matter of right; it is an act of clemency, the granting and revocation of which are within the sound discretion of the trial court." The court had jurisdiction to revoke probation. It cannot be said that the revocation of probation herein was an abuse of discretion.

Appellant asserts further that no proceeding regarding violation of probation was filed herein and no hearing was had. As above stated, the record on appeal includes a minute order dated February 23, 1954, which recites that defendant was present, and that "The hearing on violation of probation is continued to March 1, 1954." On March 1, 1954, defendant and his counsel were present when the court revoked probation and pronounced judgment. It is not necessary, however, to determine whether the proceedings on March 1, 1954, constituted a hearing on violation of probation. ■ "[T]here is neither a constitutional nor a statutory right to notice and hearing preceding revocation of probation." (*In re Davis*, 37 Cal.2d 872, 873 [236 P.2d 579]; and cases cited therein.) In that case the court disapproved *In re Cook*, 67 Cal.App.2d 20 [153 P.2d 578] (relied upon by appellant herein), insofar as it is inconsistent with the court's conclusion. Appellant and his counsel were present when judgment was pronounced, and it appears that he was not deprived improperly of any rights. (See *In re Levi*, 39 Cal.2d 41, 45, 46 [244 P.2d 403].)

The purported appeal from the order revoking probation is dismissed. The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.