[Crim. No. 1170. Fourth Dist. Sept. 26, 1958.]

THE PEOPLE, Respondent, v. J. R. LEON, Appellant.

792

B. H. Findlay, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

MUSSELL, J.—Appellant was charged with issuing a check without sufficient funds (Pen. Code, § 476a). It was alleged in the information that the appellant J. R. Leon, also known as Jerome F. Moki, on or about July 25, 1956, with intent to defraud the Bank of America, Upland Branch, and the Bank of America, Sixth and "K" Branch, Sacramento, California, made, drew, uttered and delivered to Aase Gram and Bank of America, Upland Branch, a check in the sum of $75, knowing at the time that he had neither sufficient funds in or credit with said bank for the payment of said check in full upon its presentation. Four prior felony convictions were also alleged in the information. Appellant entered pleas of "not guilty" and "not guilty by reason of insanity," admitted one of the prior convictions alleged and denied the others. Trial by jury was waived and the court found appellant guilty as charged. The three prior convictions denied were found to be true and appellant was sentenced to imprisonment in the state prison. There was no disposition made by the court of the issue raised by the plea of "not guilty by reason of insanity."

Appellant's first contention is that the evidence was insufficient to show intent to defraud and there was no showing of a lack of sufficient funds or credit with the drawee bank

to meet the check involved at the time it was presented for payment. This contention is without merit. The evidence shows that the check was presented to Aase Gram, a teller for the Bank of America, Upland Branch, on or about July 25, 1956. The check appeared to be a payroll check of "Moki's School of Jiujitsu." It was dated July 15, 1956, and drawn on the Bank of America, Sixth and "K" Branch, Sacramento, California, to the order of J. R. Leon. It was signed by Jerome K. Moki and endorsed by appellant in the presence of the teller, Aase Gram. She gave appellant cash in the sum of $75, the amount of the check. "Moki's School of Jiujitsu" had no account in the Bank of America, Sixth and "K" Branch, on July 15, 1956, said account having been closed on July 6, 1956, at which time it was overdrawn in the sum of $20.81.

Exemplars of appellant's handwriting were compared with the signature "Jerome F. Moki" on the check and the endorsement "Jerry Robert Leon" on the back thereof. There was evidence that the two signatures had been written by the same person. At the trial defendant denied signing "Jerome Moki" on the face of the check. However, on cross-examination, he admitted that he had told an officer that he wrote the name "Jerome F. Moki" to the check, rather "than to drag my family in."

Appellant's defense was mainly that he had not written the check and he made no attempt at the trial to show that he had funds or credit in the bank to meet the check upon its presentation.

■ An intent to defraud is a fact which may be inferred from the acts or admissions of the accused, or from the surrounding circumstances. (*People* v. *Markos*, 146 Cal.App.2d 82, 85 [303 P.2d 363].) ■ The intent to defraud is the subject of evidence in the same manner and to the same extent, depending on the same general rules of procedure, as any other necessary fact in the case, and it is a question of fact for the jury or court to determine. (*People* v. *Oster*, 129 Cal.App.2d 688, 692 [278 P.2d 39].) In *People* v. *Wallin*, 34 Cal.2d 777, 780 [215 P.2d 1], the court said:

"The court must assume in favor of the verdict the existence of every fact which the trier of fact could have reasonably deduced from the evidence and then determine whether or not the guilt of the defendant is deducible therefrom. The question for the appellate court to pass upon is whether there

was evidence in the record justifying the inference of guilt. (*People* v. *Deysher*, 2 Cal.2d 141 [40 P.2d 259]; *People* v. *Payton*, 6 Cal.App.2d 198 [44 P.2d 376].)''

We conclude that the evidence and the inferences to be drawn therefrom are sufficient to support the findings of the trial court.

■ Appellant further claims that the trial court committed prejudicial error in admitting and considering extrajudicial statements and admissions of appellant. This contention is likewise without merit. It is based on the assumption that a prima facie case was not established and that therefore the extrajudicial statements and admissions should not have been admitted. However, the admissions and statements of appellant were not essential to establish the commission of the crime charged and the order of proof was within the discretion of the trial judge. (*People* v. *Cullen*, 37 Cal.2d 614, 624-625 [234 P.2d 1].) No abuse of discretion was shown.

■ The evidence is clearly sufficient to suport the judgment of the court on appellant's plea of ''not guilty.'' However, since the judgment was prematurely entered by reason of the failure of the trial court to pass upon appellant's plea of ''not guilty by reason of insanity,'' the judgment is reversed and the cause remanded for trial upon the remaining issue of ''not guilty by reason of insanity.'' If appellant is found ''not guilty by reason of insanity,'' the court will then take proper steps in the premises. If appellant is found sane in the insanity issue, the court will resentence him as provided by law. (*People* v. *Wilson*, 15 Cal.App.2d 172, 179 [59 P.2d 187].)

Judgment reversed.

Griffin, P. J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.