[Crim. No. 6459.   Second Dist., Div. Two.   June 23, 1959.]

THE PEOPLE, Respondent, v. RAMSEY VAN B. HARDING, Appellant.

Ramsay Van B. Harding, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

HERNDON, J.—Convicted on five counts charging fraudulent issuance of bad checks (Pen. Code, § 476a), defendant has appealed from the judgment. Appearing in propria persona, he has presented briefs which appear upon analysis to constitute an argument that because the evidence is conflicting, and

because defendant categorically denied any fraudulent intent in his issuance of checks against an admittedly overdrawn account, the judgment is not supported by the evidence. In other words, the argument proceeds upon the erroneous notion that this court may reweigh the evidence.

It would serve no purpose here to set forth a detailed statement of the evidence. It is sufficient to note that defendant admitted writing and delivering the checks in question. It was proved by uncontradicted evidence that the checks were drawn against an account that was overdrawn, and that no credit arrangement existed. Despite defendant's testimony to the effect that he was innocent of fraudulent intent, the circumstances shown by the evidence are entirely sufficient to support a finding of the essential criminal intent. On January 25, 1958, the balance in defendant's account was $1.07. The account was overdrawn on February 1st and closed on February 4th. Between January 25th and February 19th, 1958, defendant made no deposit but drew five checks for a total of $85. On the last mentioned date defendant presented a $5.00 check to a cashier of a downtown store. The cashier gave the check to the store manager, who went upstairs and called the bank. After learning that the check was not good, the manager returned to the cashier's desk, handed the check back to the cashier, saying: "Just a moment, please" and went outside. Defendant, thereupon, took the check out of the cashier's hand and went out the opposite doorway. The cashier and manager followed defendant and asked a policeman to apprehend him. When the store manager asked defendant why he had tried to pass a bad check at his place of business, the defendant remained silent. It is well settled, of course, that intent to defraud and knowledge of the lack of funds may be proved by circumstantial evidence. (*People* v. *Oster*, 129 Cal.App.2d 688, 691-692 [278 P.2d 39]; *People* v. *Lane*, 144 Cal.App.2d 87, 89 [300 P.2d 321]; *People* v. *Leon*, 163 Cal.App.2d 791, 793 [329 P.2d 996]; *People* v. *Croxton*, 162 Cal.App.2d 187, 195 [327 P.2d 611]; *People* v. *Weaver*, 96 Cal.App. 1, 4-7 [274 P. 361].) The circumstances above recited were more than sufficient to support the inferences drawn by the trier of the facts. Defendant's failure to respond to the accusatory statement provided an additional basis for inferences adverse to his pose of innocence.

Defendant's contentions to the effect that his counsel (the public defender) failed to represent him competently and

faithfully in the trial court are wholly without support in the record. On the contrary, it affirmatively appears that defendant was adequately represented and that he was accorded a fair trial.

Defendant's complaint that exhibits were marked for identification and placed in evidence without having been shown to appellant and his counsel is not available as a proper assignment of error. In the first place, the record indicates that there is no basis in fact for the contention; in the second place, no objection was raised in the court below upon any such ground. (See *Gantner* v. *Gantner*, 39 Cal.2d 272, 277-278 [246 P.2d 923]; *People* v. *Ottey*, 5 Cal.2d 714, 721 [56 P.2d 193]; *People* v. *Corrigan*, 48 Cal.2d 551, 556 [310 P.2d 953].)

Affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied July 2, 1959, and appellant's petition for a hearing by the Supreme Court was denied August 19, 1959.