[Crim. No. 3647.   First Dist., Div. Two.   Jan. 27, 1960.]

THE PEOPLE, Respondent, v. MEREDITH EVERETT COLE, Appellant.

Arthur D. Klang, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was convicted by a jury of the crime of robbery of the second degree. Probation was denied him and he was sentenced. He presents this appeal through court-appointed counsel.

On October 24, 1958, a man carrying what appeared to be a pistol entered the United States Market in San Jose. Five persons including the store manager, Mayfield, were present.

The man had adhesive tape on his face but no other mask or glasses. He made the five present lie on the floor. After striking and kicking Mayfield he forced him to rise and open the safe. In doing so Mayfield looked him directly in the face. The man took nearly $3,000 from the safe after binding all five persons present. After the robber fled the five freed themselves. Mayfield and another saw the robber enter a Volkswagen and drive away. A neighbor, Freitas, followed the Volkswagen to 121 Melrose Street where the driver stopped and entered the house. He later emerged and drove away in a Plymouth. The police, having been notified, pursued the Plymouth until it crashed into a bridge. The driver jumped out and ran into the creek bed where he was arrested and taken to a hospital. Appellant admitted that he is the man who fled in the Volkswagen and later in the Plymouth and who was arrested in the creek, but denied the robbery. He testified that someone had placed a simulated Luger pistol and the money in his Volkswagen and that finding them there he became frightened because he was an ex-convict and fled for that reason.

Mayfield identified appellant as the robber about one hour later. He repeated this identification both at the preliminary hearing and at the trial. Three others who were present identified appellant as the robber and Freitas identified him as the man who had fled in the Volkswagen and Plymouth. Two policemen identified appellant's brother, who was with him at the trial, as the man whom they had arrested. One of these officers, Guido, under leading questions changed his testimony later and identified appellant.

██ The judge who denied probation and imposed the sentence is not the same one who tried the case. Appellant urges this as error, while recognizing that *People* v. *Connolly,* 103 Cal.App.2d 245 [229 P.2d 112] has sustained a similar proceeding. In our judgment it is normally the better procedure for the judge who tried the case and is presumably familiar with the course of the trial and the demeanor of the witnesses to act on the matter of probation and sentence, but we agree with the holding of the court in *Connolly* that there is no error in another judge of the court performing that function.

██ Appellant complains that on the *voir dire* examination of the jurors the prosecutor referred to appellant's previous conviction of felony. Appellant's trial counsel first broached the subject in his examination on *voir dire,* he made

no objection to any of the questions of which complaint is now made, and the fact of the prior convictions was later properly proved by way of impeachment. Indeed appellant's trial counsel at one point expressly stipulated that he was the first to refer to appellant's felony conviction. Under the circumstances we can find neither error nor prejudice.

The tenor of the examination of prospective jurors on this point was whether they would follow the court's instructions and consider proof of conviction of a felony in determining such witness' credibility. We have examined the questions asked on this subject and cannot find that taken as a whole they went beyond this. The court later properly instructed the jury on the same subject and we must assume that the jury in its deliberations followed the court's instructions as to the limited purpose for which such testimony was admitted and should be considered.

▮ After Officer Guido had identified appellant's brother as the man arrested the prosecutor asked him to look at appellant and answer if he was "possibly the person that you saw." Over objection that the question was leading Guido then identified appellant. In view of the fact that appellant, not his brother, was by his own admission the man arrested we cannot see how he suffered any prejudice by this identification as the man arrested. This identification did not go to the crucial and disputed question as to whether appellant committed the robbery. Four witnesses there present unequivocally identified appellant as the robber.

▮ The court was not required to give on its own motion an instruction on the effect of circumstantial evidence, since the direct evidence of appellant's guilt was complete and the circumstantial evidence only incidental and corroborative. (*People* v. *Jerman,* 29 Cal.2d 189, 197 [173 P.2d 805].) ▮ Under the evidence appellant if guilty at all was guilty of robbery and it was not error to refuse instructions on larceny as an included offense. (*People* v. *McCoy,* 25 Cal.2d 177, 187, 194 [153 P.2d 315].)

▮ The remark of the court when a sealed package identified as containing money taken from the appellant's person was offered in evidence, "That package hadn't been opened at all until it was in court," was not objected to at the time. It is now too late for appellant to complain of it on appeal. "A claim of misconduct on the part of the trial court will ordinarily not be considered on appeal unless the party who complains has given the trial court an opportunity to correct

the error or false impression." (*People* v. *Cheary*, 48 Cal.2d 301, 316 [309 P.2d 431].) "If the rule were otherwise, a party could speculate on the verdict by deliberately failing to call the court's attention to a matter which could be remedied during the trial." (*People* v. *Corrigan*, 48 Cal.2d 551, 556 [310 P.2d 953].) It is only when conduct is so flagrant that its effect on the jury could not be cured by timely action that an appellate court will consider it where no objection was made at the trial. (*People* v. *Hampton*, 47 Cal.2d 239, 240-241 [302 P.2d 300].) This casual remark in ruling on the admission of evidence does not fall in that class.

The court admitted into evidence a "shot-gun pen" found on appellant's person at the time of his arrest. If this was error, which we need not decide, on the whole case we can find no prejudice.

The transcript on appeal as originally filed did not show the arraignment of appellant at the time sentence was imposed. By supplemental transcript since filed it is now shown that appellant was properly arraigned for judgment.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.