[Crim. No. 7746.   Second Dist., Div. Four.   Feb. 26, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOYCE I. PRIVITIER, Defendant and Appellant.

Joyce I. Privitier, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County defendant was charged in three counts with issuing check without sufficient funds in violation of Penal Code section 476a.

Defendant pleaded not guilty. Trial was by the court, trial by jury having been duly waived by defendant and all counsel. The cause, pursuant to stipulation of defendant and counsel, was submitted to the court on the testimony contained in the transcript of the proceedings had at the preliminary hearing, and both sides reserved the right to put on additional testimony.

At the commencement of the trial the judge directed that the record indicate that pursuant to the stipulation he had read and considered the testimony taken at the preliminary hearing. Additional evidence offered at the trial consisted of the testimony of defendant and a witness called in her behalf. Defendant was found guilty as charged. A probation report was ordered. Probation was denied and defendant was sentenced to state prison for the term prescribed by law.

Defendant made a motion for appointment of counsel on appeal in Division Two of the Second Appellate District of this court to which consideration of this appeal had originally been assigned on September 15, 1961. On that date the court made its order indicating that it had made an independent investigation of the record and had determined that it would be neither advantageous to defendant nor helpful to the court to have counsel appointed. The application was therefore denied.

Thereafter, the appeal of this case was transferred to this division and this court made its own independent investigation of the record. We concur in the determination by Division Two of this court that it would be neither advantageous to defendant nor helpful to this court to have counsel appointed.

Defendant, on August 6, 1959, opened an account in the name of Joyce I. Noe at Citizens National Bank in Burbank, California. This account was closed out four days later on August 10, 1959. On August 15, 1959, the account showed a $14 overdraft.

The evidence showed that no arrangements for credit had been made by defendant at that bank. On August 10, 1959, a check drawn on the Burbank Branch of the Citizens National Bank, signed by a Mrs. Joyce I. Noe was delivered to Mr. Charles McGilvary, an employee of the Hollywood Ranch Market, and in return for this check in the sum of $20.30, the person was given $12.30 in groceries and the balance in cash.

On August 12, 1959, a check drawn on the Burbank Branch of the Citizens National Bank, signed by a Mrs. Joyce I. Noe, was delivered to Thelma Donnelly, an employee of Ralphs Grocery, and in return for this check in the sum of $12, the person was given $3.44, in merchandise and the balance in cash.

On August 15, 1959, a check drawn on the Burbank Branch of the Citizens National Bank, payable to the order of Zale's Jewelers in the sum of $90, signed by a Mrs. Joyce I. Noe, was delivered to Mr. George Duchin, an employee of Zale's Jewelers. In return for this check, defendant was given a diamond and pearl ring, a piece of costume jewelry and a man's set of cuff links.

Officer John Tugwell of the Los Angeles Police Department testified he had a conversation with defendant in the course of his investigation and she admitted she wrote the checks in counts one, two and three.

Defendant testified she went to the Citizens National Bank, obtained a signature card and gave it to her husband to sign; that she understood her husband turned the card in and opened a joint account. She further testified when the checks drawn on this account were presented to the bank, she thought her husband had made a deposit because he had received the sum of $200 from her father.

Defendant contends the evidence was insufficient to sustain the judgment. We, however, hold it to be clearly sufficient. ■ The essential elements of the offense of a violation of section 476a of the Penal Code consist of the drawing or issuing of a check or draft with knowledge that at the time of such drawing the drawer does not have sufficient funds in, or credit with the bank to meet the payment upon presentation and such check is drawn or issued with intent to defraud the payee or other person.

■ Knowledge of lack of sufficient funds and intent to defraud are the gist of the offense. They may be proved by circumstantial evidence. (*People* v. *Harding,* 171 Cal.App.2d 465, 466 [340 P.2d 656].)

From the evidence that the separate account was closed on August 10, the court could reasonably conclude that defendant had knowledge that there was a lack of sufficient funds deposited in her separate account with the drawee at the time the checks in question were made. All three checks for which defendant was convicted were drawn on or after August 10.

It was also reasonable for the court to conclude that defendant intended the checks to be drawn on her separate account. Defendant opened the account in her own name—Joyce I. Noe—on August 6. On August 10, 12 and 15, 1959, defendant wrote the checks in the name of Joyce I. Noe, which are the subject of this prosecution. The account was closed on August 10, and she left the State of California shortly thereafter.

At the time defendant allegedly believed the joint account to have been created defendant and Mr. Noe were no longer married. However, they were reconciled after a divorce in 1957 and were living together again. On August 12, prior to the date of the check of August 15, which is the subject of count one, defendant and her husband were again separated. The check involved in count three was written on August 12, the day of their final separation. The check which is the subject of count two was written on August 10, two days previous to their final separation. From these facts, it is reasonable to infer that defendant did not believe or intend the checks to be drawn on the nonexistent joint account. At no time after the conversation concerning the opening of a joint account was the subject mentioned again.

Defendant's evidence that she believed and intended the checks to be drawn on a joint account in which there were sufficient funds to meet the checks merely creates a conflict in the evidence concerning the element of her knowledge.

Defendant's offer of restitution itself is no defense to a prosecution under section 476a of the Penal Code; a court may reject evidence of the subsequent payment of checks while the criminal proceeding is pending. (*People* v. *Bernstein*, 88 Cal. App.2d 522, 525 [199 P.2d 82].)

As stated in *People* v. *Wallin*, 34 Cal.2d 777, 780 [215 P.2d 1] : "The court must assume in favor of the verdict the existence of every fact which the trier of fact could have reasonably deduced from the evidence and then determine whether or not the guilt of the defendant is deducible therefrom. The question for the appellate court to pass upon is whether there was evidence in the record justifying the inference of guilt."

■ "It is the settled law of this state that a conviction will not be reversed for insufficiency of the evidence unless it clearly appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' " (*People* v. *Chapman*, 156 Cal.App.2d 151, 156 [319 P.2d 8].)

Defendant also contends there was error in handling her application for probation. Her contention is not meritorious. ■ The matter of granting or denying probation is committed to the sound discretion of the trial court and will not be disturbed on appeal, unless it is shown there was an abuse of discretion. (*People* v. *Jackson*, 89 Cal.App.2d 181, 182 [200 P.2d 204].) ■ As stated in *People* v. *Jennings*, 129 Cal. App.2d 120, 123 [276 P.2d 124] : "Probation is not a matter of right; it is an act of clemency, the granting and revocation of which are within the sound discretion of the trial court."

■ The fact that the judge who presided at the trial and found the defendant guilty, did not hear defendant's application for probation, is not a basis for reversal. The judge in imposing sentence indicated that he had read and considered the probation report and was familiar with her record when passing on defendant's application for probation. It should be noted that defendant offered no objection to the hearing and considering of her application for probation by a judge other than the judge who tried the case. ■ As stated in *People* v. *Connolly*, 103 Cal.App.2d 245, 248 [229 P.2d 112] : "It has long been held that the superior court in a particular county is a single entity and its division into departments is simply for the convenience and expedition of business."

The judgment is affirmed.

Burke, P. J., and Balthis, J., concurred.