[Crim. No. 8460. Second Dist., Div. One. Mar. 5, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RAOUL MANCHA, Defendant and Appellant.

Chandler & Duncan and Elinor Chandler for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assist-

ant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was convicted of hit and run in violation of section 20001, Vehicle Code; a probation report was ordered and the cause continued. A judge other than the one before whom defendant was tried heard his application for probation, denied the same and sentenced him to the state prison. He appeals from the judgment and sentence. While the sole issue is whether it was error for one other than the trial judge to impose sentence, appellant's claim that there were "mitigating facts" which were not considered by the sentencing judge and the case "could easily have gone either way as to innocence or guilt," requires a brief summary of the evidence. The point of conflict was whether defendant knew he had been involved in an accident.

On the afternoon of February 13, 1962, at approximately 3:40, Mr. Beauchamp, a Coca Cola salesman, was driving his 2½-ton truck east on 14th Street. As he approached Central Avenue he noticed Darold, a 4-year-old boy, crouched at the curb at the front of some cars parked on the north side of the street. As he slowed down he saw defendant driving a 1948 Cadillac car coming toward him on 14th Street at about 20 or 25 miles an hour. When defendant was approximately three car lengths from Darold the boy suddenly darted into the street about 6 feet. The right front of defendant's car struck him. Beauchamp was about 100 yards away and over the noise of his own truck engine, heard a loud thud. The boy was thrown to the ground and the car passed over him, although the wheels missed him. Beauchamp immediately stopped and jumped out of the truck. After defendant struck the boy he reduced his speed to about 15 miles an hour and looked back, but kept on going; as he passed within 8 feet of Beauchamp the latter shouted at him, "Stop. You hit a little boy." When defendant did not stop Beauchamp wrote down the license number of his car. Darold's head was "skinned up" and a hip was broken. When police arrived, Beauchamp gave Officer Knowles the license number and described the car and defendant. At the scene no one identified himself to anyone as the driver, nor was defendant or his Cadillac ever seen near there after the accident. Darold was released from the hospital 50 days later and on the day of trial was still under medical care. Two days after the

accident defendant voluntarily surrendered; he told Officer Foyle that he had been driving west on 14th Street, at Central Avenue around 4 p.m. on the day of the accident, that he felt a bump and heard a thud but paid no special attention to them and drove on, and that he did not turn around and did not hear anyone "yell" at him.

Testifying briefly, defendant admitted that he heard a "thud" but did not know he had hit anyone and continued on his way without slowing or looking back. As to whether his car rattled much, he stated the motor was "shot, pretty shot."

Appellant claims that the evidence was not "clear cut" on the issue of innocence or guilt, and the sentencing judge was familiar with neither the "mitigating facts" therein which might have resulted in probation, nor the record. He argues that there was no "maliciousness" evidenced, the probation report shows he had a clean record and he would have been able, on a program of probation, to make restitution to the family for injuries suffered to the child, and that "these things were not pointed out to the court at the time of sentencing"; he concludes that "had the original judge" pronounced sentence "he would not [sic] sentenced this man to the State penitentiary."

"The matter of granting or denying probation is committed to the sound discretion of the trial court and will not be disturbed on appeal, unless it is shown there was an abuse of discretion. (*People* v. *Jackson*, 89 Cal.App.2d 181, 182 [200 P.2d 204].) As stated in *People* v. *Jennings*, 129 Cal.App.2d 120, 123 [276 P.2d 124] : 'Probation is not a matter of right; it is an act of clemency, the granting and revocation of which are within the sound discretion of the trial court.' " (*People* v. *Privitier*, 200 Cal.App.2d 725, 730 [19 Cal.Rptr. 640].) On the issue of abuse of discretion and prejudice, appellant seeks to reargue the facts, but the evidence, even his own testimony, points to but one conclusion, as stated by the trial judge: "Everything occurred that should have brought it (the accident) to his attention, and I believe it was brought to his attention." In finding defendant guilty he commented: "I think we would have to be less than naive if we believe for a moment that defendant did not realize he had some collision. . . . He should have been called upon to stop."

The "mitigating facts," with which appellant claims the sentencing judge was not familiar, refer mainly to those to

which he testified at the trial and the matters which constituted his defense, and which were obviously disbelieved by the trial judge. In rejecting them and, in particular, defendant's version of what occurred, the trial judge commented: "I just don't have that faith in his integrity, that he didn't hear it. I think he heard it and went on going"; and accepting Beauchamp's credibility, remarked that "[H]is testimony is very clear and concise. . . . There is no question about it at all, and it is tied in perfectly by the defendant's own statement." These and other comments of the trial judge do not justify the unsupported claim that he was sympathetic to defendant and would have been more lenient than the sentencing judge in pronouncing judgment. Nor does the record reveal anything that would lead to the conclusion that the evidence was not "clear cut" on the issue of guilt; it in fact establishes beyond doubt that defendant knew he had had an accident, should have stopped and did not, and that the trial judge felt as did the sentencing judge, that "[H]e was driving his car, hit a four-year-old child, left the child lying in the street with serious injuries. He apparently had no regard for the child. . . ." But for the moment borrowing appellant's assumption that the trial judge would not have sentenced him to the state prison, such a fact is no basis for reversal.

Relative to the general claim that the judge who denied probation and pronounced sentence was not familiar with the record, "[T]his court will not presume that the trial court was not familiar with the record when passing on defendant's application for probation." (*People* v. *Connolly,* 103 Cal. App.2d 245, 248 [229 P.2d 112].) Appellant has failed to point out wherein the record shows the court was not familiar with it; in fact it reveals that the judge read and considered the probation report before denying probation. Appellant's real complaint lies in the fact that the judge did not agree with the probation officer's recommendation.

A comparison of the reporter's transcript of the trial and the probation report discloses that all of the facts and circumstances, in particular the so-called "mitigating facts" appellant now claims were not brought to the attention of the sentencing judge, are contained in the probation report read and considered by him, and for the most part were urged by defendant in his statement to the probation officer attached to and made a part of the report.

As to other matters appellant says were not pointed out to

594

the court—his "clear record" and his claim that on probation he would have been able to make restitution to the family—he concedes that they were in the probation report. While the report shows no felony record, it discloses six Vehicle Code violations during 1959, 1960, and 1961; also that defendant drove without automobile insurance. Actually the judge did consider the possibility of restitution on a probation program as suggested in the probation report, but because of defendant's unemployment, past conduct toward his own family and his depleted financial status, rejected it by concluding, "He apparently had no regard for the child; doesn't have much regard for his own family. They are on Public Aid." Moreover, if there were any matters not brought to the court's attention, the fault lies with no one but defendant, for after advising him that he had read and considered the probation report but did not agree with its recommendation, the sentencing judge said: "I will be glad to listen to anything you have to say," in response to which his counsel spoke at length on behalf of defendant.

The record before us bears out neither an abuse of discretion on the part of the sentencing judge in denying the application for probation, nor error in the denial of probation and sentence to the state prison by a judge other than the one who presided at the trial. The fact that the trial judge did not hear his application is no basis for reversal. As stated in *People* v. *Downer*, 57 Cal.2d 800 [22 Cal.Rptr. 347, 372 P.2d 107], at page 816: "It is settled that it is not error for a judge other than the one who tried a criminal case to pronounce judgment and sentence. (*People* v. *Cole,* 177 Cal.App.2d 458, 460 [1] [2 Cal.Rptr. 190] ; cf. *People* v. *Connolly,* 103 Cal.App.2d 245, 248 et seq. [229 P.2d 112].)"

 In the *Connolly* case, *supra*, 103 Cal.App.2d 245, the court, rejecting as prejudicial error the denial of probation and imposition of sentence by a judge other than the one who heard the trial, said: "It has long been held that the superior court in a particular county is a single entity and its division into departments is simply for the convenience and expedition of business." (P. 248.)

In any event, the objection now voiced by appellant is not timely. At the lower court level defendant at no time suggested that the trial judge should hear the application for probation; even after denial of probation and when asked by the court if there was any legal reason why sentence should not be pronounced, he made no complaint. In *People*

v. *Privitier*, 200 Cal.App.2d 725, [19 Cal.Rptr. 640], the court held that the fact that the judge who presided at the trial and found defendant guilty did not hear defendant's application for probation, is not a basis for reversal, especially where ''defendant offered no objection to the hearing and consideration of her application for probation by a judge other than the one who tried the case.'' (P. 730.)

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.