[Civ. No. 26778.   Second Dist., Div. Four.   Nov. 20, 1963.]

JOEL I. COLIN, Plaintiff and Appellant, v. R. V. MILO-SEVICH et al., Defendants and Respondents.

[Civ. No. 26920.   Second Dist., Div. Four.   Nov. 20, 1963.]

ALICE A. McKEE, Plaintiff and Respondent, v. R. V. MILOSEVICH, Defendant and Appellant.

(Consolidated Cases.)

456

Henry Kirkpatrick for Plaintiff and Appellant in Civ. No. 26778.

Patterson & Clements and Albert E. Nelson for Defendants and Respondents in Civ. No. 26778 and for Defendant and Appellant in Civ. No. 26920.

Alfred Lubin for Plaintiff and Respondent in Civ. No. 26920.

KINGSLEY, J.— The present controversy arose out of a two-car head-on automobile collision which occurred on Sunday, January 24, 1960, at about 12:30 a.m. The locale of this unfortunate event was Balboa Boulevard near its intersection with Plummer Avenue in the San Fernando Valley in the City of Los Angeles.

Joel I. Colin, the driver of one of the automobiles, and Alice A. McKee, a passenger in the other automobile involved in the collision, brought suit against defendant, an independent sewer contractor, who had been engaged in constructing an interceptor sewer along Balboa Boulevard in the accident area, pursuant to a contract with the City of Los Angeles. Both plaintiffs characterized defendant's liability in terms of having negligently placed and maintained dangerously deceiving, defective, misleading, and improperly equipped barricades and traffic control devices, so as to cause the automobile driven by Colin to collide head-on with the automobile in which McKee was a passenger.

Due to the identical facts pertaining to the accident and identical issue of defendant's liability, the two causes were consolidated for pretrial and trial purposes. After a trial by jury, a verdict was returned for defendant, and against both plaintiffs Colin and McKee. Colin filed a motion for a new trial which was denied and he appeals from the resulting judgment. Plaintiff McKee filed a motion for a new trial, which was granted on the ground of insufficiency of the evidence to justify the verdict. Defendant appeals from the order granting a new trial for plaintiff McKee. Both appeals have been consolidated in this court.

Although numerous contentions have been raised on appeal, a discussion of only two is necessary for a proper disposition of these causes: First, the propriety of the court's ruling in granting a new trial to plaintiff McKee, and secondly, the correctness of the court's denial of a new trial to plaintiff Colin.

## I

■ On appeal from an order granting a new trial, the presumption is in favor of the order and against the judgment. (*Tice* v. *Kaiser Co.* (1951) 102 Cal.App.2d 44 [226 P.2d 624].) ■ Furthermore, where there is a conflict of evidence upon material issues, and there is evidence which would have sustained a judgment in favor of the moving party, an order granting a motion for a new trial upon the ground of insufficiency of evidence to sustain the judgment will not be disturbed on appeal. (*Commander Oil Co., Ltd.* v. *Bardeen* (1941) 48 Cal.App.2d 345 [119 P.2d 969].)

Without recapitulating at length the great amount of evidence contained in the record before us, it will suffice to say that the evidence introduced by the plaintiffs as to the condition of the accident area, while in conflict with that of defendant, was substantial evidence which would have sustained a verdict for plaintiff McKee.

## II

■ Prior to the trial of these consolidated cases, plaintiff Colin entered into a settlement for $3,500 with the driver of the other automobile. In light of this factor the court instructed the jury as follows:

"The evidence establishes that a settlement was entered into on behalf of Herbert McKee, husband of the plaintiff Alice McKee, with the plaintiff Colin by which settlement $3,500.00 was paid to Mr. Colin.

"In this connection you are instructed that this evidence may be considered for only two purposes:

" . . . . . . . . . . . .

"Two, in the event that you should find in favor of the plaintiff Colin in this action and for a sum in excess of $3,500.00 it would be your duty to deduct the $3,500.00 which he has already received from the amount of your verdict. Should you find that he was damaged in a sum less than $3,500.00 then your verdict, of course, would be in favor of the defendant."

As stated previously, although the facts and issue of defendant's liability were exactly the same in the consolidated actions, the court granted a new trial to plaintiff McKee, on the ground of insufficiency of the evidence to support the verdict, but denied the same to plaintiff Colin. The only possible explanations that can be advanced as to why the trial court, under these facts, denied plaintiff Colin his motion for

a new trial are two: first, that the jury found for the plaintiff Colin, but valued his damages at less than $3,500. Secondly, that the jury did in fact find that the defendant was not negligent, that the court deemed such verdict not supported by the evidence, but that the court found Colin did not suffer damages in excess of $3,500.

The first possibility can immediately be eliminated. Since the facts, and the question of defendant's liability, were exactly the same as to both plaintiffs,[1] the finding for the defendant against plaintiff McKee carries with it the conclusion that the jury found the same way as to plaintiff Colin. The same jury, on the same facts and issue of liability, could not find the defendant negligent as to one plaintiff and not negligent as to the other.

The second alternative is equally unsound. The record discloses that Colin had sustained hospital and medical costs to the time of the trial amounting to $8,343.22 and his estimated cost for future medical care was $15,000, with future hospital costs left open. In addition, the record contains evidence of severe and allegedly permanent physical and mental injury. A finding that Colin's damages did not exceed $3,500 would be entirely without support in the record.

The order granting a new trial to plaintiff McKee is affirmed; the judgment against plaintiff Colin is reversed; appellant to recover costs in Civil No. 26778 and respondent to recover costs in Civil No. 26920.

Burke, P. J., and Jefferson, J., concurred.

---

[1] No contention was made that either Colin or McKee were contributorily negligent; and no instruction on that issue was given to the jury.